1   **G. WARREN BLEEKER, CA Bar No. 210834**
    wbleeker@lrrc.com
2   **DREW WILSON, CA Bar No. 283616**
    dwilson@lrrc.com
3   **LEWIS ROCA ROTHGERBER CHRISTIE LLP**
    **655 N. Central Avenue, Suite 2300**
4   **Glendale, CA  91203-1445**
    **Telephone: (626) 795-9900**
5   **Facsimile: (626) 577-8800**

6   Attorneys for Plaintiff
    EAST WEST BANK

7

8

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13   EAST WEST BANK, a California            Case No. 3:20-cv-07364
     corporation,
                                             **COMPLAINT FOR:**
14              Plaintiff,
                                             1. **MISAPPROPRIATION OF**
15        vs.                                   **TRADE SECRETS IN**
                                                **VIOLATION OF THE DTSA**
16   SUKEERT SHANKER, an individual,
                                             2. **BREACH OF CONTRACT**
17              Defendant.
                                             3. **BREACH OF THE IMPLIED**
18                                              **COVENANT OF GOOD FAITH**
                                                **AND FAIR DEALING**
19
                                             4. **BREACH OF FIDUCIARY DUTY**
20
                                             5. **VIOLATION OF CAL. BUS. &**
21                                              **PROF. CODE SECTION 17200**

22                                           **DEMAND FOR JURY TRIAL**

23

24        ***REDACTED VERSION OF DOCUMENT FOR PUBLIC FILING***

25

26

27

28

Plaintiff East West Bank ("EWB" or "Plaintiff"), by and through its attorneys, asserts this Complaint against Sukeert Shanker ("Mr. Shanker" or "Defendant") as set forth below.

## PARTIES

1.     Plaintiff East West Bank is a California corporation organized and existing under the laws of the state of California with its principal place of business in Pasadena, California.  East West Bank is a wholly-owned subsidiary of East West Bancorp, Inc., which is a publicly held corporation.

2.     On information and belief, Mr. Shanker is an individual and a resident of Belmont, California.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction for this action pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836(c) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and personal jurisdiction exists because Defendant is a resident of California and resides in this judicial district; the actions complained of took place in this judicial district; and Plaintiff has suffered harm in this district.

## FACTUAL BACKGROUND

**A.**     **East West Bank and its Trade Secret and Confidential and Proprietary Information**

5.     EWB is a premier, full-service commercial bank with over 130 locations in key cities in the U.S. and Greater China. EWB has approximately $43 billion in assets.

6.     Critical to EWB's success are the valuable trade secrets and confidential and proprietary information that EWB has spent substantial time, money, and other resources to develop and maintain. These trade secrets and other proprietary confidential information include but are not limited to: (1) the Velo by East West Bank ("Velo") software and platform designed to offer a global digital banking service that allows consumers worldwide to access premium products and services offered by EWB, including EWB's confidential and proprietary

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

decision trees and algorithms developed by EWB and used in connection with the Velo platform; (2) EWB's proprietary and highly confidential methods and procedures that it developed internally for combatting fraud and money laundering and for strict compliance with the strict federal banking laws and regulations; and (3) EWB's highly confidential and detailed strategic planning documents.

7.      EWB takes reasonable steps to maintain the confidentiality of its trade secrets and confidential information.

8.      EWB requires all of its incoming employees who may, as a part of their employment at EWB, have access to confidential and/or trade secret information, sign a confidentiality agreement.

9.      EWB also requires all of its outgoing employees who may, as a part of their employment at EWB, have had access to confidential and/or trade secret information sign a confidentiality agreement during their exit interview.

10.     These confidentiality agreements require the employee to agree not to use the confidential information that belongs to EWB for any purpose other than for EWB's benefit.

11.     These confidentiality agreements also prohibit an employee from removing or making copies of any company records, reports or documents without prior management approval.

**B.      East West Bank's Proprietary Velo Software and Platform**

12.     EWB has developed a new next-generation global digital banking service called "Velo by East West Bank."  Velo is designed to provide easy access to consumers worldwide, including a new account opening platform for nonresident non-U.S. citizens. One issue that often arises with nonresident non-U.S. citizens opening bank accounts in the United States is that it is often difficult to verify an applicant's identity. The Velo platform provides a solution for, and assists with this process, which is often referred to in the banking industry as "onboarding."

-2-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

112584691.1

13.     The Velo development team is also developing software to offer onboarding to U.S. citizens on the Velo platform, similar to but different than the nonresident customer onboarding software. This functionality has not yet been released to the public.

14.     In addition to the above form of onboarding, the Velo development team has developed, and continues to develop, a feature allowing customers of certain third-party investment platforms to use the information that they have previously provided those platforms in order to onboard with EWB.

15.     These innovative and proprietary decision trees and algorithms developed by EWB and used in connection with the Velo platform are highly confidential trade secrets of EWB, and EWB derives a substantial economic benefit from those decision trees and algorithms not being generally known to the public.

16.     EWB requires any employees who have access to this information as part of their job responsibilities to agree to keep this information as confidential and to use this information only in the scope of their employment for EWB.

C.     **East West Bank's Internal and Highly Proprietary Regulatory Compliance Trade Secret Information**

17.     EWB has strong policies and procedures in place to guard against fraud and money laundering.  In addition, EWB must comply with a number of strictly enforced federal banking laws and regulations including but not limited to the Bank Secrecy Act (BSA).  These banking laws and regulations are designed to protect against fraud and money laundering activities.

18.     EWB has invested a significant amount of time, money, resources, and effort in developing internally, very strong and innovative compliance policies, methods, and procedures for combatting fraud and money laundering and for strict compliance with these federal banking laws and regulations. EWB, for example, employs a number of banking regulatory experts who specifically study and develop innovative, unique, and highly effective strategies for EWB to comply with its regulatory requirements and to minimize EWB's exposure to fraud and attempted money laundering. EWB memorializes these proprietary

-3-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

112584691.1

methods, policies, and procedures and instructs and trains its employees to fully implement and enforce these proprietary methods, policies, and procedures as part of their job duties and responsibilities, for the benefit of EWB and its customers.

19.     EWB considers these independently-derived procedures and methods to be trade secret and highly confidential and proprietary information. EWB gains significant commercial benefit by its policies and procedures not being generally known. A competitor could gain a significant advantage if it had access to EWB's methods, policies, and procedures, as it would allow the competitor to take advantage of the substantial resources that EWB has spent developing the standards, policies, and procedures in order to comply with strict federal regulations and to avoid fraud and attempted money laundering.  A competitor could gain an unfair competitive advantage by accessing and using these proprietary methods, policies, and procedures without having to spend the time and financial resources to hire experts in the field who understand the strict and extensive regulatory framework to develop these innovative strategies for the competitor.

20.     In addition, EWB would be irreparably harmed by third parties learning of its confidential methods to detect fraud and money laundering. Knowledge of EWB's specific methods and procedures could allow nefarious actors to more easily attempt to circumvent the safeguards that EWB has put in place to prevent them from committing fraud and money laundering.

21.     EWB requires any employees who have access to this information as part of their job responsibilities to agree to keep this information as confidential and to use this information only in the scope of their employment for EWB.

D.     **East West Bank's Proprietary Strategic Planning Documents**

22.     EWB develops and maintains proprietary and highly confidential and detailed financial strategic planning documents, including but not limited to new business ventures (such as credit card initiatives), business plans, staffing levels, and marketing analytics.  As a publicly traded company, knowledge of non-public strategic planning documents could be used to gain an unfair advantage or for insider trading.

-4-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

112584691.1

23.     Information such as the strategic planning documents that EWB has developed would significantly aid a competitor in setting up a new service that competes with Velo or EWB itself as a whole.

24.     Given the highly sensitive nature of this information, only a very limited number of EWB employees have access to this information.   EWB requires any employees who have access to this information as part of their job responsibilities to agree to keep this information as confidential and to use this information only in the scope of their employment for EWB.

E.     **Defendant's Employment and Misappropriation of EWB's Trade Secrets**

25.     From his hiring date of December 22, 2017 until his voluntary termination date of April 30, 2019, Defendant was employed by EWB as a "Chief Operating Officer – Digital Banking."

26.     Before Defendant's hiring date, Defendant signed a confidentiality agreement and agreed not to use the confidential information that belongs to EWB for any purpose other than for EWB's benefit. He also agreed to not remove or make copies of any company records, reports or documents without prior management approval. A copy of this fully executed confidentiality agreement is attached as Exhibit A.

27.     During Defendant's time at EWB, he was a part of the development team for the Velo software application.  As part of the scope of his employment and job responsibilities, Defendant had access to a significant amount of confidential and trade secret information relating to the Velo software application, including its algorithms, decision trees, feature updates, and unreleased modules/functionality along with EWB's BSA compliance materials, and EWB's proprietary strategic planning documents.

28.     As a Chief Operating Officer of EWB, Defendant owed EWB a fiduciary duty.

29.     During his exit interview following his resignation from EWB, Defendant signed a second confidentiality agreement, again confirming and agreeing not to use the confidential information that belongs to EWB for any purpose other than for EWB's benefit. He also once again agreed to not remove or make copies of any company records, reports or

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

112584691.1

documents without prior management approval. A copy of this signed confidentiality agreement, which was signed on May 2, 2019, is attached as Exhibit B.

**F.**      **Defendant's Confidential Settlement Agreement And** ███████████
         **With East West Bank**

30.      Around the time of his departure, a dispute arose between Defendant and EWB ████████████████████████████████████████████ After his departure, Defendant and East West Bank entered into a confidential "Settlement Agreement and ██████████." ("Settlement Agreement") A copy of this Settlement Agreement is attached as Exhibit C.

31.      As part of this Settlement Agreement, Defendant agreed in ████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████

32.      Defendant also agreed in ████████████████ ████████████████████████████████████.

33.      As consideration for entering into the Settlement Agreement, ████████ █████████████.

34.      Defendant was represented by counsel during the negotiation of the Settlement Agreement. On information and belief, the terms of the agreement were explained to him by counsel, and Defendant entered into the agreement with full knowledge of his duties and responsibilities under the Settlement Agreement, as well as the ramifications of ████████ █████████████.

**G.**      **Misappropriation of EWB's Trade Secrets**

35.      After Defendant left EWB, EWB learned that Defendant had kept a number of printed documents that belonged to EWB in a box in his house. These documents were highly sensitive documents created by a consultant for EWB's business purposes. Defendant kept

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

these documents in breach of his obligations under the various confidentiality agreements that he signed with EWB, ████████████████████████████████████.

36.     Upon a recent inspection of his email account, EWB's security team determined that, on March 13, 2019, after learning he would not remain employed by EWB, Shanker appears to have activated a scheme to pilfer EWB's trade secrets. EWB recently discovered that Shanker began sending a succession of emails from his EWB account to his personal email account, absconding with EWB's most highly sensitive information that would provide him a treasure trove of proprietary information he would then unlawfully use to attempt to create a directly competing product. The information he stole includes, but is not limited to:

    a.   Confidential PowerPoint presentation including EWB's:

        i.   Target customer profiles

        ii.   Pricing policies

        iii.   Proposed internal guidelines for issuing credit to non-U.S. citizens

    b.   Confidential digital banking project and consulting forecast summary including:

        i.   EWB's full organizational project chart with names of employees, and hire date

        ii.   Future hiring plans

        iii.   Current and future project budgets

        iv.   Consultant names, costs, and projected costs

    c.   Workforce planning document including:

        i.   Vendor summaries

        ii.   Compensation summaries

        iii.   Analytics

        iv.   Expense details

    d.   Marketing campaign document including:

        i.   Marketing use cases for various campaigns

        ii.   Marketing frameworks

        iii.   Vendor pricing

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

      iv.  Future plans

e.  A document from EWB's Consultant including:

      i.  A structural breakdown of EWB's website.

      ii.  Workflow for onboarding via the Velo app.

f.  A data mapping document detailing the input and output of EWB systems and program function calls.

g.  A document detailing the prompt and response flow for EWB's onboarding process.

h.  A document detailing the rollout schedules for new onboarding feature sets.

i.  A document identifying onboarding risk categories for various EWB products and services along with the financial amounts for transactions that trigger alerts.

j.  A document detailing EWB's know your customer conditions for future state workflow processes to onboarding customers for a digital channel.

k.  A document detailing EWB's MVP decision tree processes, including system monitors and authentication criteria to protect against the use of malware and bots.

l.  A presentation document concerning EWB's digital banking that includes:

      i.  The communication technology stack for digital banking that identifies each vendor/digital intermediary

      ii.  Communication workflows

      iii.  Next steps

m.  A presentation document concerning EWB's digital bank fraud approach including:

      i.  A detailed identification of some of the most concerning fraud vectors for EWB

      ii.  A list of options for how to address those concerning fraudulent transactions

      iii.  A business roadmap for the launch of the Velo platform

-8-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

112584691.1

        iv.   Target market prioritization

n.  A document that discusses whether to introduce credit cards with the Velo platform, including:

        i.   Compliance materials

        ii.   Credit score criteria

        iii.   Goals

        iv.   Execution roadmap

o.  A document detailing an update to the Velo platform that discusses:

        i.   EWB's priorities

        ii.   EWB's approach for reaching those priorities

p.  An analytics presentation that discusses:

        i.   Marketing analytics while identifying technology options

        ii.   Return on investment and number of impressions from paid marketing activities

q.  A presentation detailing EWB's financial crime controls for its digital banking, including:

        i.   Anti-money laundering

        ii.   Know your customer

        iii.   Office of Foreign Account Control

        iv.   Fraud

r.  A document containing a proposal for Velo including:

        i.   A complete listing of the total deposit amounts for deposits held by EWB by age and by product type.

37.    Defendant had not asked for authorization from management prior to sending himself these documents and did not have any authorization or permission to do so.

38.    On information and belief, there is likely additional confidential, proprietary, and trade secret information that Defendant removed from EWB by other methods that EWB has not yet discovered.

-9-

112584691.1

39.     On information and belief, Defendant currently possesses this information, is using this information, and intends to continue to use this confidential, proprietary, and trade secret information to unfairly create a competing alternative to the Velo platform.

40.     For example, Defendant has created a company called Aeldra with the website: https://aeldra.com/, that purports to offer a service in direct competition to Velo, which purports to allow non-US citizens to open a bank account with a cell phone application, even without a social security number, just like Velo.

41.     On information and belief, the information that Defendant misappropriated from EWB would be vital to setting up such a directly competing company/application like Aeldra, and would allow Defendant to save a great deal of money in development and startup costs.

42.     On information and belief, Defendant is directly competing with EWB for the same target customers.

43.     On information and belief, Defendant has presented and/or pitched his competing products and/or services to banks/financial institutions that compete with EWB.

## FIRST CAUSE OF ACTION

**Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act**

**(18 U.S.C. § 1836, *et seq.*)**

44.     EWB repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

45.     Defendant misappropriated EWB's trade secrets by exceeding his authorization to access, use, and disclose EWB trade secret information by compiling trade secret information derived from Plaintiff and sending it to his private email account prior to leaving the company.

46.     Defendant knew or had reason to know that he acquired and/or retained the trade secret information described in this Complaint under circumstances giving rise to a duty to maintain the information's secrecy and limit its use. This duty was also expressly embodied in the multiple confidentiality agreements that Defendant signed.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-10-

47.     Defendant also had a duty to ████████████████

████████████████████████████

48.     Defendant's misappropriation of the confidential, proprietary and trade secret information was intentional, knowing, willful, malicious, fraudulent, and oppressive.

49.     As a direct and proximate result of Defendant's misconduct, Defendant has been unjustly enriched, and EWB has suffered and will continue to suffer damages, including goodwill, reputation, a competitive disadvantages with other banking competitors, and an increased risk of third parties attempting to commit fraud and money laundering.

50.     Defendant's conduct and continued use of EWB's misappropriated trade secrets has caused, and unless enjoined by the Court, will continue to cause, great and irreparable harm and injury to EWB.  Plaintiff has no other adequate remedy at law for such acts.  Plaintiff, therefore, requests the Court issue a permanent injunction, restraining and enjoining Defendant and anyone acting in concert with him, from: (i) obtaining, using or disclosing EWB's trade secrets for any purpose whatsoever and (ii) directing Defendant to return and immediately destroy all copies of information obtained from EWB in his possession, custody or control.

51.     EWB is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts as alleged in this Complaint in an amount to be determined at trial.  EWB is further entitled to recover from Defendant any gains, profits, advantages, and unjust enrichment he has obtained as a result of his wrongful acts, in an amount to be determined at trial.  EWB is further entitled to an award of exemplary damages and attorney's fees.

**SECOND CAUSE OF ACTION**

**Breach of Contract**

52.     EWB repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

53.     Before EWB provided Defendant access to the confidential, proprietary, and trade secret information required for Defendant to execute his job duties and responsibilities, EWB required Defendant to execute a confidentiality agreement and agree to maintain the

-11-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

112584691.1

secrecy of that information and only use it for the benefit of EWB. He further agreed to refrain from removing or making copies of any company records, reports or documents without prior management approval.  This agreement is valid and enforceable contract between Plaintiff and Defendant.

54.     When Defendant left his position of employment at EWB, Defendant executed a second confidentiality agreement and again agreed to maintain the secrecy of that information and only use it for the benefit of EWB. Defendant further agreed that he had not removed or made copies of any company records, reports or documents without prior management approval. This agreement is valid and enforceable contract between Plaintiff and Defendant.

55.     In addition to the aforementioned confidentiality agreements, Defendant entered into a Settlement Agreement with EWB wherein he agreed to the following: █████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████

56.     EWB performed its obligation under the confidentiality agreements by granting Plaintiff access to the confidential, proprietary, and trade secret information for use by Plaintiff solely in connection with his duties and responsibilities in connection with his employment with EWB and solely for the benefit of EWB. EWB performed its obligation under the Settlement Agreement by ████████████████

57.     Defendant breached his obligations under the contracts by, among other things, accessing, using, and transmitting the confidential, proprietary, and trade secret information compiled for purposes not authorized by Plaintiff.  He further breached his obligations under the contract by sending EWB's confidential and trade secret information to his personal email account without prior management approval and ████████████████████ after his execution of the Settlement Agreement.

58.     As a direct and proximate result of Defendant's breach of the contracts, Plaintiff has suffered harm.

-12-

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

112584691.1

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

**THIRD CAUSE OF ACTION**

**Breach of The Implied Covenant of Good Faith and Fair Dealing**

59.     EWB repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

60.     EWB and Defendant entered into the confidentiality and Settlement Agreements.

61.     In the confidentiality agreements, Defendant agreed to maintain the secrecy of that information and only use it for the benefit of EWB. Defendant further agreed that he had not removed or made copies of any company records, reports or documents without prior management approval. These agreements are valid and enforceable contracts between Plaintiff and Defendant.

62.     In the Settlement Agreement Defendant agreed that, as consideration for EWB ███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
█████████████████████████████████████████

63.     EWB performed its obligation under the confidentiality agreements by granting Plaintiff access to the confidential, proprietary, and trade secret information for use for the benefit of EWB. EWB performed its obligation under the Settlement Agreement by ███████
█████████████

64.     Defendant breached the implied covenant of good faith and fair dealing by secretly taking EWB's confidential, proprietary, and trade secret information, falsely representing that he did not, possessing and using that information, and failing to return such information.

65.     By his breach, Defendant has unfairly interfered with EWB's right to receive the benefit of the contracts.

112584691.1

66.     As a direct and proximate result of Defendant's breach of the contracts, Plaintiff has suffered harm.

## FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty

67.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

68.     As a Senior Vice President of Project Management, Defendant owed EWB a fiduciary duty to maintain the trade secrets and other confidential and proprietary information of EWB in strict confidence, and to use those trade secrets and confidential information only for the benefit of EWB.

69.     Instead, Defendant breached his fiduciary duty to EWB by sending EWB's trade secrets and confidential information to his personal email account for his own personal use in direct competition with EWB.

70.     As a direct and proximate result of Defendant's breach of his fiduciary duties, Plaintiff has suffered damage and continues to suffer damage in an amount to be proven at trial.

71.     Defendant's foregoing conduct was done with an intentional and conscious disregard of Plaintiff's rights and with oppression, fraud, and malice as defined pursuant to California Civil Code § 3294.

## FIFTH CAUSE OF ACTION

### Violation of California Bus. & Prof. Code § 17200 *et seq.*

72.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

73.     Defendant's wrongful conduct, as described above and incorporated by reference herein, constitutes unlawful, unfair, and/or fraudulent business acts and practices. Such acts and practices include, but are not limited to, misappropriating EWB's confidential, proprietary, and trade secret information and breaching his fiduciary duty.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-14-

112584691.1

74. Defendant's business acts and practices were unfair in that the substantial harm suffered by EWB outweighs any justification that Defendant may have for engaging in those acts and practices.

75. Defendant's business acts and practices were unlawful and fraudulent as described above.

76. Plaintiff has been harmed as a result of Defendant's unlawful, unfair, and fraudulent business acts and practices. Plaintiff is entitled to (a) recover restitution, including without limitation, all benefits that Defendant has received as a result of his unlawful, unfair, and fraudulent business acts and practices and (b) an injunction restraining Defendant from engaging in further acts of unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks an Order of this Court:

1. For actual damages in an amount to be proven at trial;

2. For restitution;

3. ████████████████████████████████████████████
████████████████

4. For an award of punitive damages in amount to be proven at trial;

5. For an order requiring Defendant to destroy and/or return the confidential, proprietary, and trade secret information in his possession, custody or control;

6. For preliminary and permanent injunctions against future harm by disclosure or use;

7. For pre-judgment and post-judgment interest at the maximum legal rate, as applicable, as an element of damages that Plaintiff has suffered as a result of Defendant's wrongful acts;

8. For reasonable attorneys' fees and costs incurred herein as allowed by law; and

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-15-

112584691.1

1    9.    For such other relief as the Court deems just and proper.

Dated:  October 20, 2020                 Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By  /s/G. Warren Bleeker
G. Warren Bleeker
Drew Wilson

Attorneys for Plaintiff
EAST WEST BANK

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

-16-

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Dated:  October 20, 2020                Respectfully submitted,

                                        LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                        By    /s/G. Warren Bleeker
                                        G. Warren Bleeker
                                        Drew Wilson

                                        Attorneys for Plaintiff
                                        EAST WEST BANK

-17-

112584691.1

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

Exhibit A

# Confidential Information Notice

The protection of confidential business information and trade secrets is vital to the interests and the success of East West Bank. Such confidential information includes but is not limited to the following examples:

- Client lists and file lists
- Any information related to clients and suppliers
- Financial information
- Marketing strategies
- Employee compensation and other private information of employee
- Pending projects and proposals
- Any information marked confidential, proprietary, trade secret, or otherwise requiring confidentiality

You are required to keep confidential the confidential information and use it only as required by your job for the benefit of the Company during or after your employment with the Company. No one is permitted to remove or make copies of any Company records, reports or documents without prior management approval.

It is not the Company's desire to receive from any employee proprietary information belonging to others without prior authorization. You are prohibited from disclosing to the Company or using any such information without authorization from the owner of the information while employed by the Company.

Any violation of this policy can seriously injure the Company's reputation and effectiveness. Use of unauthorized confidential may also lead to criminal sanctions. Therefore, please do not discuss the Company's business with anyone who does not work for us, and never discuss business transactions with anyone who does not have a direct association with the transaction. Even casual remarks can be misinterpreted and repeated, so develop the personal discipline necessary to maintain confidentiality.

Any employee who discloses trade secrets or confidential business information without authorization from senior management of the Company will be subject to disciplinary action (including possible discharge) and legal action, even if he or she does not actually benefit from the disclosed information.

Exceptions: Individuals may disclose trade secrets without being civilly or criminally liable under Federal or State trade secret law where the disclosure is made: 1) in confidence to a Federal, State, or local government official, or to an attorney, and solely for the purpose of reporting or investigating a suspected

Exhibit A

violation of law; or 2) in a complaint or other filing in a lawsuit or other proceeding, and filed under seal.

**Signature**

☑ SUKEERT Shanker 12/22/2017 10:47 AM

(checking the checkbox above is equivalent to a handwritten signature)

Exhibit B

## CONFIDENTIAL INFORMATION

The protection of confidential business information and trade secrets is vital to the interests and the success of East West Bank. Such confidential information includes but is not limited to the following examples:

- Intellectual property
- Client lists and file lists
- Any information related to clients and suppliers
- Financial information
- Marketing strategies
- Employee compensation and other private information of employees
- Pending projects and proposals
- Any information marked confidential, proprietary, trade secret, or otherwise requiring confidentiality

You are required to keep confidential the confidential information and use it only as required by your job for the benefit of the Company during or after your employment with the Company. No one is permitted to remove or make copies of any Company records, reports or documents without prior management approval.

It is not the Company's desire to receive from any employee proprietary information belonging to others without prior authorization. You are prohibited from disclosing to the Company or using any such information without authorization from the owner of the information while employed by the Company.

Any violation of this policy can seriously injure the Company's reputation and effectiveness. Use of unauthorized confidential information may also lead to criminal sanctions. Therefore, please do not discuss the Company's business with anyone who does not work for us, and never discuss business transactions with anyone who does not have a direct association with the transaction. Even casual remarks can be misinterpreted and repeated, so develop the personal discipline necessary to maintain confidentiality.

Any employee who discloses trade secrets or confidential business information without authorization from senior management of the Company will be subject to disciplinary action (including possible discharge) and legal action, even if he or she does not actually benefit from the disclosed information.

All Intellectual property is considered by East West Bank to be confidential information. Any intellectual property created by employees involving or related to East West Bank's business operations, including but not limited to patents, copyrights, inventions, trademarks, designs, domain names, trade names, articles, ideas and concepts are the sole property of East West Bank. Ownership of the intellectual property also applies to any application for rights of the property as well.

Employees and former employees are required to take reasonable security measures to prevent confidential information from disclosure, including accidental disclosure as well as industrial espionage attacks.

_____      _____05/2/19_____
Signature                                                              Date

Exhibit B

# Exhibit C

**_Redacted version of Exhibit to be filed under seal_**