UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST WEST BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>SUKEERT SHANKER,<br><br>    Defendant. | Case No. 20-cv-07364-WHO<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Re: Dkt. No. 2 |

    Plaintiff East West Bank ("EWB") has filed a motion to seal in conjunction with its Complaint. Plaintiff's Administrative Motion to File Documents Under Seal [Dkt. No. 2]. EWB seeks to seal Exhibit C to the Complaint, which is a Settlement Agreement between EWB and defendant Sukeert Shanker that was signed shortly after Shanker left his employment at EWB. *Id.* EWB also seeks to seal portions of the Complaint that refer to the Settlement Agreement. *Id.* In its supporting declaration, EWB only states that the "parties agreed to keep the terms and amount of the Settlement Agreement confidential." Declaration of Warren Bleeker in Support of Plaintiff's Administrative Motion to File Documents Under Seal [Dkt. No. 2-1].

    This justification is insufficient to meet either the good case or compelling interest standards for sealing. *See UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 252 F. Supp. 3d 828, 835 (N.D. Cal. 2017); *Bernstein v. Target Stores, Inc.*, No. 13-CV-01018 NC, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) ("The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal."). As the Hon. Susan Illston explained in *Select Portfolio Servicing v. Valentino*, a settlement agreement cannot be sealed simply because the parties agreed to keep its terms confidential:

    Settling defendants' motion to file under seal is supported by a sole

> declaration, which only asserts that the material should be sealed because the parties agreed among themselves to make the settlement agreement confidential. This is insufficient. Not only have the settling defendants asserted no compelling reason to seal the information, they have not even made a showing that some specific harm or prejudice will result from its publication. The settling defendants' motion does not address whether the non-settling defendants will be able to view the "confidential" settlement information. That they agreed among themselves to keep the settlement details private, without more, is no reason to shield the information from other non-settling parties to the case or the public at large.

No. C 12-0334 SI, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013).

EWB's request is also not "narrowly tailored". Civ. L. R. 79-5(a). It seeks to seal the entire Settlement Agreement but fails to present compelling reasons to justify such a broad request. *See United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2017 WL 1881157, at *2 (N.D. Cal. May 9, 2017) (parties "fail[ed] to show compelling reasons justify sealing the Settlement Agreement *in its entirety*," where the Settlement Agreement showed that "not all of the information contained therein consists of trade secret, proprietary, or otherwise protectable material," and therefore "the document [could] be narrowly redacted to protect only this information") (emphasis added).

Accordingly, EWB's motion to seal is DENIED without prejudice. EWB should review my Standing Order on Administrative Motions To File Under Seal on the District's website, particularly with respect to the justification for filing under seal. As it is possible that EWB can tailor its request and offer a compelling reason to seal the documents provisionally filed under seal, I will not unseal any of these documents yet. Within fourteen (14) days of this order, EWB may file a supplemental request and declaration in support of sealing these documents. The request shall be narrowly tailored, such that only sealable information is sought to be redacted from public access, and the supporting declaration should articulate some specific harm or prejudice that would result from public disclosure of the sealable information.

**IT IS SO ORDERED.**

Dated: November 25, 2020



William H. Orrick
United States District Judge