UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST WEST BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>SUKEERT SHANKER,<br><br>    Defendant. | Case No. 20-cv-07364-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 33, 34, 38 |

Plaintiff East West Bank ("EWB") moves for leave to amend its Complaint and add Aeldra Financial, Inc. ("Aeldra") and Does 1–10 as defendants. The named defendant, Sukeert Shanker ("Shanker"), is the founder and Chief Executive Officer of Aeldra. His opposition to the motion is meritless. Pursuant to Civil Local Rule 7-1(b), this matter appropriate for resolution without oral argument. I VACATE the hearing scheduled for May 12, 2021. There is no prejudice, futility of amendment, bad faith, undue delay, or even prior amendment. EWB's motion is GRANTED.

## BACKGROUND

### I. FACTUAL HISTORY

From December 22, 2017 through April 30, 2019, Shanker was employed by EWB as a "Chief Operating Officer—Digital Banking." Dkt. No. 19-3 ("Compl.") ¶ 25. At EWB, Shanker was part of the development for the Velo software application ("Velo"), a global digital banking service that, among other things, assists non-U.S. residents with opening bank accounts in the United States. Compl. ¶¶ 12, 27. His employment with EWB terminated on April 30, 2019. Compl. ¶ 25; Dkt. No. 37-2 ("Shanker Decl.") ¶ 2.

As part of his employment, Shanker signed a confidentiality agreement. As part of his resignation, he signed a second confidentiality agreement, agreeing not to use any of EWB's

confidential information for any purpose other than for EWB's benefit. Compl. ¶¶ 26, 29. And around the time of Shanker's departure, EWB and Shanker entered into a settlement agreement due to a dispute about Shanker's compensation package ("Settlement Agreement"). Compl. ¶ 30. As part of the Settlement Agreement, Shanker agreed to turn over all property belonging to EWB and release all claims that he may have against EWB. Compl. ¶¶ 31–32.

A few months after his departure, Shanker incorporated Aeldra, a mobile banking platform. Shanker Decl. ¶ 3. EWB alleges that Aeldra purports to allow non-U.S. citizens to open a bank account with a cell phone application, a similar service in direct competition to Velo. Compl. ¶ 40. In July 2020, EWB sent Shanker a letter accusing him of misappropriating its trade secrets. Shanker Decl. ¶ 4. On October 18, 2020, Shanker announced on LinkedIn that he had started a new fintech business called Aeldra. Shanker Decl. ¶ 5. Two days later, EWB filed this lawsuit against Shanker, alleging that Shanker had, among other things, misappropriated EWB's trade secrets to create Aeldra, a direct competitor to EWB's mobile banking platform, Velo. Compl. ¶¶ 40–43; Shanker Decl. ¶ 5. On December 10, 2020, Aeldra publicly launched. Dkt. No. 34-4 ("Aeldra Press Release").

## II. PROCEDURAL HISTORY

The October 2020 Complaint asserted five causes of action against Shanker: (i) misappropriation of trade secrets in violation of 18 U.S.C. § 1836; (ii) breach of contract; (iii) breach of the implied covenant of good faith and fair dealing; (iv) breach of fiduciary duty; and (v) violation of California Business & Professions Code § 7200. Although EWB had not named Aeldra as a defendant in the original Complaint, it identified Aeldra as Shanker's company and claimed that he had misappropriated EWB's trade secrets to create Aeldra, which allegedly offered a service in direct competition to Velo. *See* Compl. ¶¶ 40–43. The proposed First Amended Complaint ("FAC") accompanying this motion asserts the same five causes of action against Shanker but also asserts the first and fifth causes of action against Aeldra and Does 1–10. *See* Dkt. No. 34-2 ("Proposed FAC") ¶¶ 46–55; 76–80.

The parties proposed this case's pretrial schedule, which I approved. The deadline "to amend/add parties" was April 14, 2021 and fact discovery closes on August 27, 2021. Dkt. No. 26

("Pretrial Scheduling Order"). To date, both parties have served their first sets of discovery requests, but no depositions have been taken. Dkt. No. 34-1 ("Kang Decl. ISO Mot.") ¶¶ 6–7; Dkt. No. 37-1 ("Lawson Decl.") ¶ 7. In January 2021, EWB propounded its first set of requests for production, interrogatories, and requests for admissions to Shanker, all of which mentioned Aeldra multiple times. *See* Lawson Decl. ¶¶ 3–5; Dkt. No. 34-5 ("Interrogatories to Shanker"). EWB also issued a third-party subpoena seeking documents from Aeldra and a deposition of an Aeldra corporate representative. Lawson Decl. ¶ 6. Except for one email, EWB asserts that Aeldra has not produced any documents in response to EWB's subpoena and that Shanker has not produced any Aeldra documents. Dkt. No. 39 ("Reply") at 5; Dkt. No. 39-1 ("Kang Decl. ISO Reply") ¶¶ 4–5.

On March 5, 2021, I granted the withdrawal of EWB's former counsel and the substitution of EWB's current counsel. *See* Dkt. No. 31. On March 25, 2021, EWB and Shanker began to meet and confer about EWB filing this motion for leave to amend. Kang Decl. ISO Mot. ¶¶ 7; Lawson Decl. ¶¶ 8. EWB requested a stipulation to add Aeldra and Does 1–10 as defendants, which Shanker declined unless EWB agreed to voluntarily dismiss the second, third, and fifth causes of action. Kang Decl. ISO Mot. ¶¶ 7–11; Lawson Decl. ¶¶ 8–13. EWB refused and filed this present motion for leave to amend and file the Proposed FAC on April 2, 2021. Three days later, on April 5, 2021, Shanker produced an email, dated May 7, 2020, from Shanker's Aeldra email account to Aeldra's Chief Operating Officer ("COO"), Venkat Gopalakrishnan's email account, concerning the Velo Product Roadmap ("May 7, 2020 Email"). Reply at 1. EWB alleges that the Velo Product Roadmap is EWB's trade secret and is highly proprietary and confidential information. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once within: (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* A court "should freely give leave when justice so requires." *Id.* "Although the rule should be

3

1   interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson*

2   *v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387.

## DISCUSSION

### I. MOTION FOR LEAVE TO AMEND

As a preliminary matter, Shanker asserts that I must apply the "good cause" standard of Federal Rule of Civil Procedure 16 before the Rule 15(a) analysis because EWB failed to meet the April 14, 2021, deadline to "amend/add parties" and therefore seeks to modify the Pretrial Scheduling Order. Dkt. No. 37 ("Opp.") at 5; *see* Fed. R. Civ. P. 16 ("A schedule may be modified only for good cause and with the judge's consent."). He is wrong. By timely filing a motion for leave to amend on April 2, 2021, EWB has complied with the Pretrial Scheduling Order. Rule 16 does not apply, and I will examine whether EWB's motion is proper under Rule 15(a).

EWB and Shanker dispute four out of the five factors—Shanker concedes that this is EWB's first amendment, which weighs in favor of granting EWB's motion for leave to amend. *See* Opp. at 7, 14. I will address the others, none of which favors Shanker.

#### A. Prejudice to Shanker

Shanker asserts that amendment would be prejudicial because it will deprive Aeldra of a meaningful opportunity for discovery unless the parties modify the Pretrial Scheduling Order, which will cause additional delay. Opp. at 11–12. "In order to overcome Rule 15(a)'s liberal policy with respect to the amendment of pleadings, the party objecting to leave to amend must establish substantial prejudice. Neither delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient

4

showing of prejudice." *Adams v. Kraft*, No. 10-CV-00602-LHK, 2010 WL 4939440, at *4 (N.D. Cal. Nov. 30, 2010) (citation omitted).

Shanker's assertion that Aeldra will have no meaningful opportunity to obtain discovery of its own from EWB is unpersuasive. *See* Opp. at 12. Discovery is in the early stages; there are approximately four and a half months until the close of fact discovery on August 27, 2021. Dkt. No. 34 ("Mot.") at 7. Both parties have only served their first sets of discovery requests and no depositions have been taken. Kang Decl. ISO Mot. ¶¶ 6–7; Lawson Decl. ¶ 7.[1] EWB points out that Shanker and Aeldra had notice of potential claims because the Complaint had referred to Aeldra and EWB had issued a subpoena to Aeldra. Mot. at 7–8. Shanker responds that Aeldra is a "separate entity with separate interests" and "has had no opportunity yet to obtain discovery of its own" from EWB. Opp. at 12. That said, if Aeldra seeks further discovery from EWB then it can do so with more than four months until the close of fact discovery.

The interests of Shanker and Aeldra obviously overlap. As Shanker concedes, the only material change in the amendment is the addition of the new defendants. Opp. at 11. This is not a case where there would be "substantial prejudice" because the "amendment would create a need to reopen discovery" or "would greatly alter the nature of the litigation at a late hour in the case." *Adams*, 2010 WL 4939440, at *4. There is no prejudice to Shanker from EWB's amendment.

**B.     Futility**

Next, Shanker contends that EWB's amendment is futile because (i) EWB's third, fourth, and fifth causes of actions are allegedly preempted by the California Uniform Trade Secrets Act ("CUTSA"); and (ii) EWB's third cause of action for the breach of the implied covenant of good faith and fair dealing is superfluous in light of the second cause of action for breach of contract. Opp. at 12–14. This is EWB's first amendment, there has been no prior motion to dismiss, and the claims are not frivolous on their face.

Shanker's challenges to the legal sufficiency of EWB's Proposed FAC should be brought

---

[1] Moreover, the parties asked for an unusually long time between the close of fact discovery and the trial (May 2, 2022). The case schedule could be easily adjusted <u>if necessary</u> without delaying the trial.

5

in a motion to dismiss. Courts in this district have held that "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Adams*, 2010 WL 4939440, at *4 (citation omitted); *see also dpiX LLC v. Yieldboost Tech, Inc.*, No. 14-CV-05382-JST, 2015 WL 5158534, at *3–*4 (N.D. Cal. Sept. 2, 2015) (noting that the "general rule" is that the "merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment."). EWB's amendment is not futile.

### C. Bad Faith

Shanker argues that EWB filed the motion for leave to amend in bad faith because (i) EWB is seeking leave after claiming that it did not intend to amend its pleadings in January 2021; (ii) it seeks to file a Complaint that it knows is legally infirm; and (iii) it inexplicably waited six months since filing the original Complaint to add Aeldra as a defendant. Opp. at 7–9.

The delay between filing the Complaint and filing this present motion does not constitute bad faith. EWB concedes that it knew Shanker had created Aeldra when it filed the original Complaint but contends that it could not add Aeldra as a defendant at the time because "there was no actual Aeldra product in existence or on the market." Reply at 7; *see* Mot. at 3. EWB contends that it received notice that Aeldra had publicly launched in December 2020 through a press release and therefore, there was only a four-month delay. Reply at 7–8.

Shanker argues that EWB cannot use "Aeldra's existence at the time Plaintiff filed its Complaint as a sword against Aeldra, to argue that it is not prejudiced by Plaintiff's untimely request to amend its complaint, but also as a shield, to argue that Aeldra could not have been added earlier because it had not yet been 'launched.'" Opp. at 9. I disagree. These are not mutually exclusive arguments. The Complaint's reference to Aeldra does not mean that EWB knew that Aeldra was using EWB's proprietary material at the time. *See* Mot. at 3; Part I.A. EWB asserts that it "could not reasonably assess whether Aeldra used EWB's trade secrets and proprietary information at the time the original Complaint was filed" because the actual product did not exist. Reply at 5–6. It argues that it "only recently obtained evidence, through discovery,

proving that both Shanker and Aeldra used EWB's proprietary materials" because Shanker had repeatedly represented that neither he nor Aeldra had used any of EWB's proprietary materials. Reply at 6 (referring to the May 7, 2020 Email, which Shanker produced on April 5, 2021.

EWB has "offered a satisfactory explanation for its delay" in naming Aeldra as a defendant: it had "waited until [it] had sufficient evidence of conduct upon which [it] could base claims of wrongful conduct." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).[2] Its amendment is not made in bad faith.

### D. Undue Delay

Finally, Shanker asserts that EWB has unduly delayed moving for leave to amend because EWB's motion is untimely under the Pretrial Scheduling Order and EWB knew or should have known to add Aeldra in the original Complaint. Opp. at 9–12. Under Ninth Circuit precedent, "in evaluating undue delay" courts inquire "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisouceBergen Corp. v. Dialysist, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding that a delay of fifteen months constituted undue delay and noting that the Ninth Circuit had previously held that an eight-month delay was unreasonable).

In the present case, EWB's motion was timely under the Pretrial Scheduling Order; EWB only waited four months to move for leave to amend, not eight months as Shanker asserts. *See* Part I.A; Opp. at 9–10. Shanker does not provide any authority that concludes that a four-month delay is unreasonable. EWB also has a sufficient and plausible explanation for the delay—it was only after Aeldra's public launch and discovery began when EWB had the requisite evidence to prove that Aeldra also misappropriated EWB's trade secrets. *See* Part I.C.

The Ninth Circuit has held that "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.

---

[2] EWB decided to amend its Complaint approximately three weeks after substituting its counsel, which also weighs against finding bad faith. *See* Dkt. No. 31; *see also Naranjo v. Bank of Am. Nat'l Ass'n*, No. 14-CV-02748-LHK, 2015 WL 913031, at *6 (N.D. Cal. Feb. 27, 2015) (holding that substitution of counsel was a plausible explanation for the delay and refuted, among other things, a finding of bad faith).

7

1987). As discussed above, Shanker has "not established that allowing leave to amend at this point amounts to substantial prejudice. The case is still at an early stage . . . and discovery has not yet closed. Moreover, this is Plaintiff's first attempt at amending his complaint." *Adams*, 2010 WL 4939440, at *4. "[N]o other factor has been met, therefore even if undue delay was shown, it would not justify denying leave to amend." *Kendrick v. Cty. of San Diego*, 2017 WL 2692903, at *6 (S.D. Cal. June 22, 2017). Accordingly, all five factors weigh in favor of granting EWB's motion for leave to amend.

### E. Doe Defendants

Shanker also argues that the addition of the Doe defendants is improper. Opp. at 11 n. 1. Generally, a "Doe pleading" is disfavored in federal court. However, "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Shanker's argument would be more persuasive if discovery was proceeding smoothly.[3] It is not. For example, EWB asserts that it only recently became aware that Shanker disclosed EWB's trade secrets to Aeldra's COO, Venkat Gopalakrishnan, through discovery. Reply at 6, 11. In addition, EWB has claimed that Aeldra has not produced any documents in response to EWB's subpoena and Shanker has not produced any Aeldra documents, except for the May 7, 2020 Email. Reply at 5; Kang Decl. ISO Reply ¶¶ 4–5.

EWB argues that it does not know the identity of all the defendants that acted in concert with Shanker to unlawfully use EWB's trade secrets, but that discovery will likely reveal the identities, if any. Reply at 11. Because further discovery may reveal whether additional parties have misappropriated EWB's trade secrets, e.g., Aeldra's employees, EWB's motion to add Does 1–10 as defendants is proper. Accordingly, EWB's motion for leave to amend is GRANTED.

---

[3] Throughout the briefing, both parties refer to various discovery disputes. The parties are reminded of the procedure in my Standing Order for Civil Cases if they have reached an impasse.

8

1    That said, EWB should determine expeditiously whether to add any other defendant to the
2    litigation, because that may well affect the case schedule and implicate prejudice concerns.

## II.    MOTIONS TO SEAL

Under Ninth Circuit law a party must demonstrate "compelling reasons" to seal any motion-related filings where "the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–99 (9th Cir. 2016). Here, the relevant motion is a motion for leave to amend the Complaint, which is "more than tangentially related to the underlying cause of action." *Id.* Accordingly, the "compelling reasons" standard applies. What constitutes a compelling reason is "left to the sound discretion of the trial court." *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978). However, the Ninth Circuit has highlighted that examples include "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

EWB has filed two motions to seal. *See* Dkt. Nos. 33; 38. The first motion (Dkt. No. 33), which concerns the sealing of specific financial information disclosed in the Settlement Agreement, is GRANTED because I had sealed the same information in a prior order. *See* Dkt. No. 20. The second motion (Dkt. No. 38), which concerns the sealing of the document titled, "20180611_VeloProduct Roadmap_V6.xlsx" ("Velo Roadmap") attached to Exhibit 1 to the Reply Declaration of Grace W. Kang, is GRANTED. EWB has sufficiently shown that the document at issue contains EWB's commercially sensitive information. The Velo Roadmap "provides a detailed master plan for the strategies, priorities, and direction of the Velo platform" and "discloses the features, components, third party integrations, and third party vendors of the Velo Platform." Dkt. No. 38-1 ("Chatterjee Decl.") ¶ 6. The Velo Roadmap "incorporates revisions based on internal team and inter-departmental feedback and analysis, research and development, additional details, changes in competitive landscape, and corporate strategies" and EWB "has not publicly disclosed or published the Velo Roadmap because EWB considers this document to be highly proprietary." *Id.* ¶¶ 7, 9. Accordingly, both of EWB's administrative motions to file under seal are GRANTED. *See* Dkt. Nos. 33, 38.

**CONCLUSION**

For the reasons stated above, EWB's motion for leave to amend the Complaint is GRANTED. It shall file the First Amended Complaint by May 12, 2021.

**IT IS SO ORDERED.**

Dated: May 11, 2021



William H. Orrick
United States District Judge