SINGER CASHMAN LLP
  Adam Cashman (Bar No. 255063)
  acashman@singercashman.com
  Walter C. Pfeffer (Bar No. 289421)
  wpfeffer@singercashman.com
505 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone:    (415) 500-6080
Facsimile:    (415) 500-6080

*Attorneys for Aeldra Financial Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISON

| | |
|---|---|
| EAST WEST BANK, a California corporation, | CASE NO. 3:20-CV-07364-WHO |
| Plaintiff, | **AELDRA FINANCIAL INC.'S NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| SUKEERT SHANKER, an individual; AELDRA FINANCIAL, INC., a Delaware corporation; and DOES 1–10, | Filing Date:   December 9, 2020<br>Trial Date:    May 2, 2022<br>Hearing Date: July 7, 2021<br>Hearing Time: 2:00 p.m.<br>Courtroom:   2, 17th Floor<br>Judge:       Hon. William H. Orrick |
| Defendants. | |

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:** Please take notice that on July 7, 2021 at 2:00 p.m. before the Honorable William H. Orrick in the United States District Court for the Northern District of California, Courtroom 2, located on the 17th Floor of the San Francisco Courthouse at 450 Golden Gate Avenue, San Francisco, California 94102, or via remote access at the Court's preference pursuant to the Northern District of California's guidelines regarding the COVID-19 pandemic, Aeldra Financial, Inc. ("Aeldra") by and through its attorneys will and hereby does move pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing East West Bank's ("EWB") fifth cause of action for violation of California Business & Professions Code Sections 17200 *et seq.* ("UCL") from its First Amended Complaint (Dkt.45) ("FAC").  As explained more fully in the accompanying Memorandum of Points and Authorities, EWB's UCL claim is preempted by California's Uniform Trade Secrets Act, California Civil Code Sections 3426 *et seq.* ("CUTSA"). Because no amendment could alter preemption, Aeldra respectfully requests that the Court dismiss EWB's UCL claim with prejudice.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, EWB's FAC, the April 16, 2021 Declaration of Sukeert Shanker in Support of Opposition to EWB's Motion for Leave to Amend the Complaint (Dkt 37-2), the Declaration of Grace Kang in Support of Motion for Leave to Amend Complaint (Dkt. 34-1), all documents attached to those declarations, all pleadings and papers on file with the Court, the argument of counsel at the hearing, and any other matters that the Court may properly consider.

Date: May 28, 2021                         Respectfully submitted,

SINGER CASHMAN LLP

By: _Walter C Pffr_ _____

Adam S. Cashman
Walter C. Pfeffer

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. __INTRODUCTION__

California law is clear that a claim under California Business and Professions Code Sections 17200 *et seq.* ("UCL") based on the alleged misappropriation of trade secrets is preempted by California's Uniform Trade Secrets Act, California Civil Code Sections 3426 *et seq.* ("CUTSA"). East West Bank ("EWB") was informed of this fact on multiple occasions but has nonetheless brought a preempted UCL claim against Aeldra Financial, Inc. ("Aeldra"). The Court should accordingly dismiss EWB's UCL claim as preempted by CUTSA, without leave to amend.

## II. __STATEMENT OF RELEVANT FACTS__

### A. Mr. Shanker Leaves EWB and Founds Aeldra

EWB hired Mr. Shanker on December 22, 2017 to be its Chief Operating Officer in charge of Digital Banking. Apr. 2, 2021 First Am. Compl.[1] (Dkt. 45) ("FAC") ¶ 27. While at EWB, Mr. Shanker helped develop a software platform called "Velo." *Id.* at ¶ 29. Mr. Shanker's employment was terminated on May 1, 2019. *See id.* at Ex. C. Half a year later, on October 29, 2019, Mr. Shanker founded Aeldra. *See* Apr. 16, 2021 Decl. of Sukeert Shanker in Supp. of Opp. to EWB's Mot. for Leave to Amend the Complaint (Dkt 37-2) ("Sukeert Decl.") ¶ 3. On July 31, 2020, EWB sent a letter to Mr. Shanker in his capacity as "Founder & CEO" of Aeldra. *Id.* at ¶ 4. This letter, sent more than a year after Mr. Shanker's termination from EWB and nine months after he founded Aeldra, alleged for the first time that Mr. Shanker had misappropriated trade secrets and breached contracts with EWB by retaining EWB documents after his termination. *Id.* at ¶ 4.

### B. EWB's Complaint

EWB filed suit against Mr. Shanker on October 20, 2020, alleging misappropriation of trade secrets, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the UCL. Compl. (Dkt. 1). The Complaint explicitly identifies Aeldra as a direct competitor with EWB and a recipient of the allegedly misappropriated information, but did not name Aeldra as a Defendant. *See id.* at ¶ 40 ("Defendant has created a company called

---

[1] Aeldra's fact section cites to EWB's FAC because a Motion to Dismiss provisionally accepts as true all well-pled factual allegations. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). By doing so, Aeldra does not agree with any factual assertion contained in EWB's pleading and, in fact, disputes many such assertions.

1    Aeldra … that purports to offer a service in direct competition to Velo…."), ¶ 41 ("[T]he information

2    that Defendant misappropriated from EWB would be vital to setting up such a directly competing

3    company/application like Aeldra….").

4          **C. EWB Brings a UCL Claim Despite Knowledge of Preemption**

5          EWB provided Mr. Shanker's counsel with its proposed FAC on March 29, 2021. Declaration

6    of Grace Kang in Support of Motion for Leave to Amend Complaint (Dkt. 34-1) ("Kang Decl.") ¶ 8,

7    Ex. 5.  By letter dated March 31, 2021, Mr. Shanker's counsel provided EWB with clear authority

8    showing that its UCL claim, as well as the claims for breach of the implied covenant of good faith

9    and fair dealing and breach of fiduciary duty which EWB asserts against Mr. Shanker individually,

10   are all preempted by CUTSA.[2]  Kang Decl. Ex. 6 at 1–3 (citing numerous cases).  EWB responded,

11   without providing a single legal citation, that "EWB has not asserted a claim under CUTSA in this

12   action; therefore there is no preemption by CUTSA."  *Id.* at Ex. 7 at 1.  Mr. Shanker's counsel

13   immediately informed EWB that it was mistaken and summarized several cases directly holding that

14   CUTSA preemption applies regardless of whether a CUTSA claim is asserted.  *Id.* at Ex. 8 at 3–4.

15   EWB provided no counterargument, replying simply that "challenges to the merits of a claim should

16   be deferred until after leave to amend is granted." *Id.* at 1.

17         EWB filed its FAC on May 12, 2021, including its UCL claim and its other preempted counts.

18   FAC ¶¶ 77–80.  By EWB's own pleading, the UCL claim (like the other preempted claims) is

19   premised entirely on allegations that Defendants "misappropriate[ed] EWB's confidential,

20   proprietary, and trade secret information…."  *Id.* at ¶ 77.

21   **III. LEGAL STANDARD**

22         A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the

23   complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is proper under Rule

24   12(b)(6) where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts

25   alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

26   Cir. 1988).  While the court must accept as true all factual allegations, it should exclude any

27

28   ---
     [2] Although this motion is brought on behalf of Aeldra, the CUTSA preemption analysis applies equally to the preempted claims that EWB has asserted against Mr. Shanker individually.

1   "conclusory statements" or "[t]hreadbare recitals of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662,

2   678 (2009).  A motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to

3   state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

4   (2007).  If a plaintiff's allegations do not bring his "claims across the line from conceivable to

5   plausible, the complaint must be dismissed." *Id.*  Leave to amend should be denied where amendment

6   would be futile.  *See, e.g., Deadco Petroleum, FKA v. Trafigura AG*, 617 F. App'x 636, 639 (9th Cir.

7   2015); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

8   **IV. ARGUMENT**

9       **A.  CUTSA Preempts EWB's UCL Claim**

10          CUTSA preempts UCL claims that are based on the same nucleus of facts as trade secret

11   misappropriation.  *See Waymo LLC v. Uber Technologies, Inc.*, 256 F.Supp.3d 1059, 1062 (N.D. Cal.

12   2017) ("[CUTSA] supersedes claims—including Section 17200 claims—based on the same nucleus

13   of facts as trade secret misappropriation."); *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210,

14   241 (2010) ("CUTSA bars UCL claims sounding in misappropriation of trade secrets."); *Prostar*

15   *Wireless Grp., LLC v. Domino's Pizza, Inc.*, 360 F. Supp. 3d 994, 1006 (N.D. Cal. 2018) (Orrick, J.)

16   (dismissing UCL and other claims preempted by CUTSA); *Acorn Bay v. CamelBak Products, LLC*,

17   No. C 20-05214, 2020 WL 7664450, at *2–3 (N.D. Cal. Dec. 24, 2020) (dismissing UCL claims

18   preempted by CUTSA); *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal.

19   App. 4th 939, 962 (2009) (same); *Alta Devices, Inc. v. LG Electronics, Inc.*, 343 F. Supp. 3d 868

20   (N.D. Cal. 2018) (same).

21          EWB's UCL claim is based exclusively and explicitly on the same facts as its trade secret

22   misappropriation claim.  FAC ¶ 77 ("Defendants' wrongful conduct … and practices include …

23   misappropriating EWB's confidential, proprietary, and trade secret information….").  EWB's Motion

24   for Preliminary Injunction (Dkt. 51) confirms this: "Defendants' conduct is actionable under the UCL

25   based upon Shanker's theft of EWB's proprietary materials … and Defendants' use of EWB's

26   proprietary materials in the Aeldra digital banking application…." *Id.* at 20.  No facts other than the

27   alleged misappropriation of trade secrets are alleged that could possibly support EWB's UCL claim,

28

1    and EWB never suggested otherwise during the meet-and-confer process.  *See generally* Kang Decl.

2    Ex. 6.  EWB's UCL claim is therefore preempted by CUTSA and must be dismissed.

3          **B.  Preemption Applies Regardless of Whether a CUTSA Claim is Pled**

4          In the meet-and-confer process, EWB raised only one argument to support its claim: CUTSA

5    preemption does not apply where the plaintiff has not pled a CUTSA claim.  Kang Decl. Ex. 8 at 1.

6    EWB is wrong.  Preemption applies regardless of whether a CUTSA claim is pled.  *NetApp, Inc. v.*

7    *Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 840 (N.D. Cal. 2014) ("NetApp argues only that

8    preemption does not apply because NetApp did not plead a CUTSA claim against Reynolds. … This

9    argument is meritless."); *Barker v. Insight Global, LLC*, No. 16-cv-07186, 2017 WL 10504692, at

10   *3–6 (N.D. Cal. Nov. 21, 2017) (dismissing UCL claims as preempted even though CUTSA claims

11   were not brought); *Total Recall Techs. v. Luckey*, No. C 15-02281, 2016 WL 199796 (N.D. Cal. Jan.

12   16, 2016) (same).  Indeed, the very nature of preemption requires it to apply regardless of how the

13   pleadings are styled.  *See Artec Group, Inc. v. Klimov*, No. 15-cv-03449, 2016 WL 7157635, at *7

14   (N.D. Cal. Dec. 22, 2016) ("The Court also rejects Plaintiff's argument that preemption should not

15   apply because Plaintiff does not assert a trade secrets misappropriation claim against Axon.  Such a

16   rule would defeat preemption by allowing plaintiffs to intentionally omit CUTSA claims in favor of

17   other claims.").

18         **C.  Leave to Amend Should Be Denied**

19         EWB's entire case is based on the same nucleus of facts as its trade secret misappropriation

20   claim, and thus no amendment could possibly cure the preemption issue.  Even if EWB sought to

21   amend its pleading to base its UCL claim on a breach of contract, the UCL claim would still be

22   preempted because EWB's breach of contract cause of action is based on the same nucleus of

23   common facts as its trade secret misappropriation claim.  *See, e.g.,* FAC ¶ 61 ("Shanker breached his

24   obligations under the contracts by … accessing, using, and transmitting the confidential, proprietary,

25   and trade secret information…."); *see also Deerpoint Group, Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d

26   1207, 1238 (E.D. Cal. 2018) (dismissing UCL claim as preempted by CUTSA because breach of

27   contract purportedly supporting plaintiff's UCL claim was based on the same common nucleus of

28   fact as trade secret misappropriation); *MedImpact Healthcare Sys., Inc. v. IQVIA Inc.*, No. 19-CV-

singer
cashman LLP

1865, 2020 WL 5064253, at *20 (S.D. Cal. Aug. 27, 2020) (same). Leave to amend should

accordingly be denied as futile. *See, e.g., Deadco*, 617 F. App'x at 639; *AmerisourceBergen*, 465

F.3d at 951.

## V.   **CONCLUSION**

Despite being apprised of the law on multiple occasions, EWB insisted on bringing its

preempted UCL claim (and other preempted claims) and forcing Aeldra to brief this clear-cut issue.

The Court should dismiss that preempted claim.


Date: May 28, 2021                                    Respectfully submitted,

SINGER CASHMAN LLP

By: _Walter C Pffr_____
    Adam Cashman
    Walter C. Pfeffer
    *Attorneys for Aeldra Financial Inc.*