UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST WEST BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>SUKEERT SHANKER, et al.,<br><br>    Defendants. | Case No. 20-cv-07364-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND FAC**<br><br>Re: Dkt. Nos. 80, 81, 87, 99 |

Plaintiff East West Bank ("EWB") moves for leave to amend to file a Second Amended Complaint ("SAC") to add Venkat Gopalakrishnan, Blue Ridge Bank N.A. ("Blue Ridge Bank"), and Fenway Summer Vector LLC ("FS Vector") as defendants. As is now typical in this needlessly contentious and over-litigated case, defendants Shanker and Aeldra Financial, Inc. (collectively "Defendants") object. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument. I VACATE the hearing scheduled for August 11, 2021. There is good cause for the amendment and there is no prejudice, undue delay, bad faith, or futility. EWB's motion is GRANTED.

## BACKGROUND

The factual background is explained in detail in my prior order. *See* Dkt. No. 101 ("PI Order"). On October 20, 2020, EWB filed a complaint against Shanker, alleging that Shanker, among other things, misappropriated its trade secrets to create Aeldra Financial, Inc. ("Aeldra"), a direct competitor to EWB's mobile banking platform, Velo ("Complaint"). *See* Dkt. No. 19-3 ("Compl."). April 14, 2021 was the deadline for EWB to amend its pleadings. Dkt. No. 26. On May 11, 2021, I granted EWB's motion for leave to amend its Complaint and add Aeldra and Does 1–10 as defendants. Dkt. No. 43 ("May 2021 Order"). I explained that, "Because further

discovery may reveal whether additional parties have misappropriated EWB's trade secrets, e.g., Aeldra's employees, EWB's motion to add Does 1–10 as defendants is proper." *Id.* at 8.

On June 30, 2021, EWB filed the present motion for leave to amend its First Amended Complaint ("FAC") and attached its proposed Second Amended Complaint ("SAC"). Dkt. No. 81 ("Mot."); Dkt. No. 81-4 ("SAC"). In its motion, EWB seeks to add three new defendants: Blue Ridge Bank, Aeldra's Chief Operating Officer ("COO") Gopalakrishnan, and FS Vector. Mot. at 1. EWB explains that it did not know about these proposed defendants' participation in Defendants' alleged misconduct until (1) April 5, 2021, when Shanker produced an email showing that he had forwarded EWB's trade secret Velo Product Map to Gopalakrishnan; (2) May 20, 2021 when Blue Ridge Bank issued a press release specifying that it would offer the banking services for Aeldra; and (3) June 9, 2021, when Defendants submitted their opposition ("PI Opp.") to EWB's motion for preliminary injunction ("PI Mot.") and claimed that FS Vector had built Aeldra's Bank Secrecy Act, Anti-Money Laundering, and Know Your Customer ("BSA/AML/KYC") systems, which EWB alleges unlawfully incorporate its trade secrets. Mot. at 1–2; *see* Dkt. No. 81-6 at 1–4 ("May 2021 Press Release"). On July 14, 2021, Defendants filed an opposition to EWB's motion, arguing that EWB's amendment does not satisfy Federal Rules of Civil Procedure 15 and 16. Dkt. No. 88 ("Opp.").

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once within: (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. FED. R. CIV. P. 15(a). Outside of this timeframe, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* A court "should freely give leave when justice so requires." *Id.* "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted). A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716,

738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

"Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387.

Leave to amend pleadings after the date set for amendment in a scheduling order is governed by Federal Rule of Civil Procedure 16(b) and requires a showing of good cause. *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards controlled."); *see* FED. R. CIV. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . If that party was not diligent, the inquiry should end." *Id.* at 609 (citation omitted). Although the focus of the inquiry is upon the moving party's diligence and reasons for seeking the modification, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Id.*

## DISCUSSION

### I.   EWB HAS DEMONSTRATED "GOOD CAUSE" UNDER RULE 16

The parties do not dispute that the deadline to amend EWB's pleadings was April 14, 2021 and therefore EWB must demonstrate "good cause" to amend its FAC. FED. R. CIV. P. 16(b)(4); *see* Dkt. No. 26. EWB has demonstrated good cause because it acted diligently in seeking amendment and any delay was the result of Defendants' refusal to produce relevant documents.[1]

EWB argues that it diligently sought amendment because it filed this motion only "three weeks after it discovered the last key fact on which it is based, in light of newly discovered information produced (or otherwise provided) by Defendants." *Id.* at 10. According to EWB, it did not know that Aeldra's COO Gopalakrishnan had received a copy of EWB's trade secret Velo Product Roadmap until April 5, 2021, after EWB's initial motion to amend the Complaint was filed. *Id.* at 1. EWB also did not know that Blue Ridge Bank had partnered with Aeldra to offer the same services offered by EWB's Velo product to the same customers that use Velo until Blue

---

[1] EWB also argues that it has demonstrated good cause to make minor amendments to its fifth cause of action in response to Aeldra's prior motion to dismiss. Mot. at 11–12. This issue is moot because in my PI Order, I held that EWB may amend its fifth cause of action claim by August 23, 2021. PI Order at 35.

3

Ridge Bank's May 2021 Press Release. *Id.* Likewise, EWB did not know about FS Vector until June 9, 2021, when Defendants claimed that FS Vector built the BSA/AML/KYC systems that EWB alleges unlawfully incorporate its trade secrets. *Id.* at 2.

Defendants contend that EWB has not been diligent in seeking to add Blue Ridge Bank as a defendant, arguing that EWB has been aware of Blue Ridge Bank's partnership with Aeldra since Aeldra's December 10, 2020 press release but did not seek to add Blue Ridge Bank as a defendant in its prior motion to amend the Complaint. Opp. at 6. Although both press releases do indicate that Aeldra has partnered with Blue Ridge Bank, the May 2021 Press Release provides a more detailed explanation for how Blue Ridge Bank helped create Aeldra and therefore provides the factual basis for EWB's proposed allegation that Blue Ridge Bank also misappropriated its trade secrets. *Id.*; *compare* May 2021 Press Release *with* Dkt. No. 51-1 at 20–21.

EWB was "unaware of Blue Ridge Bank's *role in the creation and use of the Aeldra App* until it discovered Blue Ridge Bank's May 20, 2021 press release." Dkt. No. 100 ("Reply") at 11 (emphasis in original). The December 10, 2020 press release only mentioned Blue Ridge Bank once: "Partnering with Blue Ridge Bank N.A. and Mastercard, Aeldra's vision is to be the first truly global consumer bank and a financial Super-App." Dkt. No. 51-1 at 21. But the May 2021 Press Release explained that, "Aeldra is a financial services company and banking services are provided by Blue Ridge Bank, N.A." Dkt. No. 81-6 at 2. The President and Chief Executive Officer of Blue Ridge Bank also commented that Blue Ridge Bank was "proud to partner with [Shanker] and his team as [they] work together to provide unprecedented financial access to an underserved segment in the BRICS-Plus countries." *Id.* Then in support of Defendants' PI Opposition, Blue Ridge Bank's Executive Vice President, Brett Taxin, declared that Blue Ridge Bank is onboarding new customers using Aeldra. Dkt. No. 64-10 ¶ 11. As a result, it was not until May and June 2021 that EWB learned that Blue Ridge Bank was using Aeldra, which EWB alleges was created using its trade secrets, to onboard its own customers. Reply at 11.

EWB also asserts that the reason for any alleged delay was Defendants' refusal to produce relevant documents in discovery. Mot. at 11. In particular, Blue Ridge Bank—who is represented by the same counsel as Aeldra—has refused to produce any documents in response to the

third-party subpoena that EWB served on it on January 29, 2021. *See* Dkt. No. 88-3; Dkt. No. 100-1 ("Jackson Reply Decl.") ¶ 4. Defendants assert EWB abandoned its efforts to pursue discovery. Opp. at 7. Nevertheless, EWB filed this motion only a month after learning of Blue Ridge Bank's role. It was diligent and has demonstrated good cause under Rule 16. There is no prejudice from the proposed amendment because Blue Ridge Bank was on notice about this case since January 2021 and fact discovery does not close until January 24, 2022. *See* Dkt. No. 82.

## II.      EWB'S PROPOSED AMENDMENT SATISFIES RULE 15

Defendants also argue that the proposed amendment does not satisfy Rule 15 because (1) there was undue delay in seeking amendment regarding Blue Ridge Bank and Gopalakrishnan; (2) EWB failed to add Blue Ridge Bank and Gopalakrishnan as defendants in its prior motion to amend its Complaint; (3) EWB's amendment is futile because there is no fact that can support its allegations against the three new defendants; (4) EWB's amendment is made in bad faith because EWB only seeks to add entities who had worked with Aeldra, supported Aeldra's opposition to EWB's motion for preliminary injunction, and do not work with EWB as new defendants; and (5) the proposed amendment to add entities who worked with Aeldra even though they denied using EWB's confidential information as defendants would be prejudicial. Opp. at 6–8.

According to Defendants, there is undue delay because EWB waited more than six months to add Blue Ridge Bank as a defendant and three months to add Gopalakrishnan. *Id.* at 6. Because EWB failed to add them in its prior motion to amend, Defendants assert that EWB cannot add them now. *Id.* at 7. Although EWB served subpoenas on Blue Ridge Bank and Gopalakrishnan in January and February 2021, Defendants assert that EWB abandoned its efforts and therefore EWB cannot argue that lack of information was Defendants' fault. *Id.* at 7.

As discussed above, EWB has not unduly delayed in amending the FAC as to Blue Ridge Bank because EWB filed this motion only a month after learning of Blue Ridge Bank's role in Defendants' alleged misconduct. Reply at 12–13. Similarly, EWB filed this motion less than three months after learning of Gopalakrishnan's role and less than one month after learning of FS Vector's participation in Defendants' alleged misappropriation of trade secrets. *Id.* Defendants provide no authority supporting their argument that a three-month delay is unreasonable. In fact,

in my May 2021 Order, I found that a delay of four months was not unreasonable under the circumstances. May 2021 Order at 7. There is no undue delay.

Defendants also argue that the proposed amendment is futile because EWB cannot identify a single fact to support its misappropriation claims against Blue Ridge Bank, FS Vector, and Gopalakrishnan. Opp. at 7–8. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants claim that EWB only alleges that Blue Ridge Bank may compete with EWB in the future and that FS Vector helped create Aeldra's compliance policies, which are not sufficient to state a claim. Opp. at 7. Blue Ridge Bank, Gopalakrishnan, and FS Vector have also denied using any of EWB's confidential, proprietary, or trade secret information. Dkt. No. 64-10 ("Blue Ridge Bank Decl.") ¶ 12; Dkt. No. 64-17 ("FS Vector Decl.") ¶ 16; Dkt. No. 64-9 ("Gopalakrishnan Decl.") ¶¶ 6, 11.

Defendants are wrong; EWB has alleged facts that could be proved to support its claim that Blue Ridge Bank, Gopalakrishnan, and FS Vector misappropriated its trade secrets. EWB alleges that Gopalakrishnan received EWB's trade secret information from Shanker and used it in his capacity as Aeldra's COO to develop Aeldra. SAC ¶¶ 51–53. EWB also alleges that on information and belief, Aeldra and Shanker disclosed EWB's trade secret information to FS Vector and Blue Ridge Bank. SAC ¶¶ 54, 58. Because both FS Vector and Blue Ridge Bank played direct roles in the creation of Aeldra, EWB alleges that FS Vector and Blue Ridge Bank also misappropriated EWB's confidential information to develop Aeldra. SAC ¶¶ 54, 59. Defendants assert that these facts, especially those alleged "on information and belief," are not sufficient to support, for example, EWB's misappropriation of trade secrets claim. Opp. at 7–8. But EWB is not required to prove its claims at this stage. As I explained in my May 2021 Order, if Defendants want to contest the merits of EWB's claims, "such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *Adams v. Kraft*, No. 10-CV-00602-LHK, 2010 WL 4939440, at *4 (N.D. Cal. Nov. 30, 2010) (citation omitted). EWB's proposed amendment is not futile.

Defendants also assert that EWB's proposed amendment is made in bad faith because

1  EWB only seeks to add new defendants who worked with Aeldra and submitted declarations in
2  support of Aeldra's PI Opposition. Opp. at 8. Defendants assert that because EWB adds "any
3  entity" that worked with Aeldra as a defendant except for i2c, who EWB also works with, its
4  amendment is in bad faith. *Id.* at 9. I disagree. EWB contends that it had begun to draft its SAC
5  to substitute Blue Ridge Bank and Gopalakrishnan before Defendants filed their PI Opposition.
6  Dkt. No. 81-1 ("Kang Decl.") ¶¶ 2–4. EWB then added FS Vector, not because it had filed a
7  declaration in support of Defendants' PI Opposition, but because that was when Defendants had
8  first identified FS Vector as the entity that built its BSA/AMC/KYC systems. *See id.* ¶ 5; Reply at
9  17. As EWB contends, the fact that it did not add i2c as a defendant suggests that EWB seeks
10 amendment in good faith because it only names "those defendants that it believes warrant
11 inclusion in the amended complaint." *Id.* EWB has "offered a satisfactory explanation for its
12 delay" in naming Blue Ridge Bank, Gopalakrishnan, and FS Vector as defendants: it "waited until
13 [it] had sufficient evidence of conduct upon which [it] could base claims of wrongful conduct."
14 *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). EWB's proposed
15 amendment is made in good faith.

16 Finally, Defendants assert that the proposed amendment, which would allow EWB to add
17 defendants simply because they work with Aeldra even though they deny using EWB's
18 information, would be prejudicial. Opp. at 9. This is simply a reiteration of Defendants'
19 unsuccessful "futility" and "bad faith" arguments. There is no prejudice from EWB's proposed
20 amendment; it only seeks to add three new defendants and fact discovery will not close until
21 January 24, 2022. Dkt. No. 82. EWB's motion for leave to amend its FAC is GRANTED.

## III. MOTIONS TO SEAL

23 The parties have filed three motions to seal. *See* Dkt. Nos. 80, 87, 99. A party seeking to
24 seal court records must overcome a strong presumption in favor of the public's right to access
25 those records. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.
26 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). Here,
27 EWB's motion for leave to amend its FAC is a nondispositive motion that is "more than
28 tangentially related to the merits" of this case, and therefore the "compelling reasons" standard

7

1    applies. *See id.* at 1101.  The Ninth Circuit has explained that examples of "compelling reasons"
2    include "the use of records to gratify private spite, promote public scandal, circulate libelous
3    statements, or release trade secrets."  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179
4    (9th Cir. 2006).

5        EWB's motion to seal portions of its FAC, proposed SAC, and exhibit C to the FAC and
6    SAC is GRANTED.  Dkt. No. 80.  The portions concern the same information I sealed in prior
7    orders.  *See* Dkt. Nos. 20, 48, 101.

8        Defendants' motion to seal portions of its opposition and exhibits 5–7 of the Pfeffer
9    Declaration is GRANTED in part and DENIED in part.  Dkt. No. 87.  The highlighted language in
10   exhibits 5–6 of the Pfeffer Declaration warrants sealing because it concerns the same
11   compensation information I sealed in prior orders.  *See* Dkt. Nos. 20, 48.  Defendants' request to
12   seal portions of its opposition and all of exhibit 7 of the Pfeffer Declaration is DENIED.
13   Defendants argue that the highlighted language concerns "proprietary and competitively-sensitive
14   information regarding the platform and business partners of Aeldra, as well as the operations of FS
15   Vector."  Dkt. No. 87 at 1.  But FS Vector partner Bryan Mulcahey's denial that FS Vector used
16   EWB's trade secret information during his deposition is not proprietary or competitively-sensitive
17   information of either Aeldra or FS Vector.  *See* Dkt. No. 87-3 at 7; *see, e.g.*, Dkt. No. 64-17
18   ("Mulcahey Decl.") ¶ 16.  Accordingly, the clerk shall UNSEAL Dkt. No. 87-3.  Moreover, the
19   entirety of exhibit 7 of the Pfeffer Declaration, which is an excerpt of Mulcahey's deposition, does
20   not warrant sealing.  There are various portions of Mulcahey's deposition that do not concern
21   Aeldra's proprietary information or competitively-sensitive information regarding the operations
22   of Aeldra or FS Vector.  *See, e.g.*, Dkt. No. 87-8 at 143:22–153:24.  Defendants shall file a new
23   redacted copy of exhibit 7 of the Pfeffer Declaration with narrowly tailored redactions.  *See* Dkt.
24   No. 87-8.

25       EWB's motion to seal portions of its reply and exhibit 2 of the Jackson Declaration is
26   GRANTED because the language concerns the same information I sealed in my prior order as well
27   as proprietary information regarding FS Vector's operations.  *See* Dkt. No. 99-3 at 8–10.  EWB's
28   request to seal portions of exhibit 2 of the Jackson Declaration is GRANTED because the

redactions are narrowly tailored and relate to the propriety information regarding FS Vector's operations.  *See* Dkt. No. 99-5.

This resolves the motions at Dkt. Nos. 80, 87, and 99.  Defendants should e-file revised redacted versions of the document at issue, redacting only information allowed by this Order, by August 23, 2021.

## CONCLUSION

For the reasons above, EWB's motion for leave to amend its FAC is GRANTED.  EWB shall file its Second Amended Complaint by August 16, 2021.

**IT IS SO ORDERED.**

Dated:  August 6, 2021



William H. Orrick
United States District Judge