Scott G. Lawson (Bar No. 174671)
scottlawson@lawson2.com
Lisa G. Lawson (Bar No. 169503)
lisalawson@lawson2.com
Ryan L. Werner (Bar No. 112181)
ryanwerner@lawson2.com
Ian W. Forgie (Bar No. 307721)
ianforgie@lawson2.com
LAWSON & LAWSON LLP
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone:    (415) 484-4345
Facsimile:    (415) 480-6706

Attorneys for Defendant
Sukeert Shanker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAST WEST BANK, a California corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>SUKEERT SHANKER, an individual; AELDRA FINANCIAL INC., a Delaware corporation; VENKAT GOPALAKRISHNAN, an individual; BLUE RIDGE BANK, N.A., a Virginia corporation; FS VECTOR LLC, a Delaware corporation; and DOES 1-7,<br><br>        Defendants. | Case No. 3:20-cv-07364<br><br>**DEFENDANT SUKEERT SHANKER'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY THE PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**DECLARATIONS OF SUKEERT SHANKER and SCOTT G. LAWSON (filed and served herewith)**<br><br>Date:    September 29, 2021<br>Time:    2:00 p.m.<br>Ctrm:    2 (17th Floor)<br><br>Assigned to Hon. William H. Orrick |

*UNREDACTED VERSION OF DOCUMENT TO BE FILED UNDER SEAL*

---

SHANKER'S MOTION TO COMPEL ARBITRATION                                          Case No. 3:20-cv-07364

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 29, 2021, at 2:00 p.m., or as soon thereafter as this motion may be heard before the Honorable William H. Orrick, in Courtroom 2, 17th Floor, of the above-captioned court, defendant Sukeert Shanker will and hereby does move for an order compelling plaintiff East West Bank to submit to arbitration each of its claims against defendant Sukeert Shanker, and for an order staying Plaintiff's claims against Defendant Sukeert Shanker pending resolution of that arbitration.

This motion is made pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1, *et seq*. This motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying declarations of Sukeert Shanker, Scott Lawson, and Ian Forgie, the Proposed Order, all of the pleadings, papers, and records of this action, all matters upon which judicial notice may be taken, and any argument that may be presented at the hearing on this Motion.

Dated:  August 20, 2021

LAWSON & LAWSON LLP

By:  */s/ Scott G. Lawson*
Scott G. Lawson
Attorneys for Defendant
Sukeert Shanker

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As a condition of defendant Sukeert Shanker's employment, on December 22, 2017, plaintiff East West Bank ("EWB") required Shanker to acknowledge and agree to a 128-page Employee Handbook. The last five pages of that handbook contained a detailed "Mutual Dispute Resolution Agreement" pursuant to which the parties agreed that a broad range of disputes, including, expressly, each of the types of claims EWB is pursuing against Shanker in this case, must be resolved in arbitration. In that agreement, EWB and Shanker expressly acknowledged that they were "giving up any right that they may have to a judge or jury trial with regard to all claims covered by" their arbitration agreement.

Despite this arbitration agreement, in October 2020, EWB sued Shanker in this Court. More than six months later, EWB produced, as part of a 78,000-page document production, the Employee Handbook containing the arbitration agreement. Immediately upon discovering the arbitration agreement, Shanker's counsel asked EWB's counsel to agree to submit their dispute with Shanker to arbitration pursuant to the terms of the agreement. To date, more than a week later, EWB's counsel has not responded to that request.

Because there is a valid arbitration agreement between EWB and Shanker that expressly covers each of the causes of action asserted by EWB against Shanker in this case, pursuant to the Federal Arbitration Act, this Court must enforce that arbitration agreement, order these disputes to arbitration, and stay this judicial action against Shanker pending that arbitration.

## II. STATEMENT OF FACTS

As a condition of beginning his employment with East West Bank ("EWB"), on December 22, 2017, Shanker acknowledged receipt of EWB's Employee Handbook. *See* Declaration of Awwab Arif in Support of EWB's Motion for Preliminary Injunction ("Arif Decl.") (Docket No. 51-3), ¶ 6, Exh. C. "EWB . . . requires that employees review and consent to EWB's Employee Handbook." *Id.*, ¶ 6. EWB did not, however, provide Mr. Shanker with a physical copy of the Handbook. Declaration of Sukeert Shanker in Support of Motion to Compel Arbitration ("Shanker Decl."), ¶ 3.

On May 7, 2021, more than six months after filing this case, EWB produced two copies of the Handbook—one a 127-page version with a revision date of August 26, 2017, and one a 128-page version with a revision date of January 2, 2018. The last five pages of each of these copies of the Handbook set forth a detailed "Mutual Dispute Resolution Agreement" ("Arbitration Agreement"). The Arbitration Agreement is identical in each copy. A true and correct copy of this Arbitration Agreement is attached to the Declaration of Scott Lawson ("Lawson Decl.") as Exhibit A.[1]

In the Arbitration Agreement, EWB states that the Agreement is "a condition of employment with the Bank." Lawson Decl., Exh. A, preamble. The Arbitration Agreement requires that certain disputes between the Bank and its employees be submitted "███████ ███████████████████████████████████████████████████" *Id.* (emphasis added). The Agreement further provides: "███████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████" *Id.*, preamble (emphasis original). Moreover, the Agreement provides that ███████████ ██████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████" *Id.*, ¶ 12.

The Arbitration Agreement goes on to specify the types of claims the parties agreed would be subject to arbitration: "██████████████████████████████████████████████ ████████████████████████████████████████████████"

---

[1] EWB has designated the entirety of its Employee Handbook as "Confidential," meaning it cannot be disclosed to anyone besides Shanker, his attorneys, and their expert witnesses. Accordingly, it must be filed under seal. EWB has stated that it intends to re-designate the entirety of its Employee Handbook as "Highly Confidential – Attorneys' Eyes Only." As of the filing of this motion, EWB has provided no justification for either designation, whether for just the Arbitration Agreement portion or for the Handbook in its entirety. The Handbook has presumably been distributed to every one of EWB's more than 3,000 employees. Furthermore, in its Motion for Preliminary Injunction, EWB directly quoted from the Handbook without redactions and included portions of the Handbook as an exhibit to its filing—again with no redactions. *See* Arif Decl., ¶ 6, Exh. C.

1 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

2 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉" *Id.*, ¶ 1 ("Covered Claims").

EWB filed this lawsuit with knowledge of the Arbitration Agreement in its own Employee Handbooks. Each of the claims it asserts in its Complaint, First Amended Complaint, and Second Amended Complaint are claims expressly covered by the Arbitration Agreement:

- "<u>First Cause of Action</u> – Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act"
- "<u>Second Cause of Action</u> – Breach of Contract"
- "<u>Third Cause of Action</u> – Breach of The Implied Covenant of Good Faith and Fair Dealing"
- "<u>Fourth Cause of Action</u> – Breach of Fiduciary Duty"
- "<u>Fifth Cause of Action</u> – Violation of California Bus. & Prof. Code § 17200 *et seq.*"

On August 9, 2021, as part of its ongoing review of EWB's 78,000-page document production, Shanker's counsel first became aware of the existence of the Arbitration Agreement in the Handbook. Lawson Decl., ¶ 4. Prior to that day, Shanker had not recalled that there was an Arbitration Agreement included in the Employee Handbook. Shanker Decl., ¶ 4.

On August 11, 2021, one day after discovering the Arbitration Agreement at the back of the Handbook, counsel for defendant Shanker notified counsel for EWB of its existence and inquired why EWB did not originally submit its claims to arbitration consistent with the terms of the Arbitration Agreement, as well as whether EWB would now agree to submit its claims against Shanker to arbitration. Lawson Decl., ¶ 5 Exh. B. In response, on August 13, 2021, counsel for EWB represented that they had no knowledge of the Arbitration Agreement until receiving defendant Shanker's letter and that they would confer with their client. *Id.*, ¶ 6, Exh. C. On August 18, 2021, having received no response from EWB's counsel, Shanker's counsel sent her an email noting that it had been a week since his original letter and he had received no response. *Id.*, ¶ 7, Exh. D. Shanker's counsel asked whether EWB is willing to submit its claims against Shanker to arbitration pursuant to the Arbitration Agreement or whether Shanker would instead have to file a motion to compel arbitration. *Id*. Later that day, EWB's counsel responded, "We are conferring

with our client and will provide you with EWB's position regarding the issue of arbitrability once we have conferred with them." *Id*.

### III. LEGAL ARGUMENT

**A. The Federal Arbitration Act Requires Arbitration Pursuant to the Terms of the Arbitration Agreement**

In their Arbitration Agreement, EWB and Shanker agreed that "███████████████████████████████████████████████████████████████████████" Lawson Decl., Exh. A, § 5. The Federal Arbitration Act ("FAA"), 9. U.S.C. §§ 1 et seq., therefore governs this motion to compel arbitration. Under the FAA, "[a] party to a valid arbitration agreement may 'petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement.' 9 U.S.C. § 4. By its terms, section 4 of the FAA limits the court's discretion; the court must order the parties to proceed to arbitration only in accordance with the terms of their agreement. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L.Ed.2d 158 (1985); *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).

Courts may decide only two issues when a party seeks to compel arbitration pursuant to the FAA: (1) "whether the parties are bound by a given arbitration clause"; and (2) whether that clause "applies to a particular type of controversy." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). In determining whether a controversy is arbitrable, the inquiry therefore hinges on an analysis of the contractual language, guided by the principle that arbitration agreements are favored and to be broadly construed with doubts resolved in favor of coverage. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) ("The standard for demonstrating arbitrability is not high."). "Absent some ambiguity in the agreement … it is the language of the contract that defines the scope of disputes subject to arbitration." *EEOC v. Waffle House*, 534 U.S. 279, 280 (2002).

"[T]he district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan, Inc.*, 363 F.3d at 1012; *see also*

*DeVries v. Experian Info. Sols., Inc.*, No. 16-CV-02953-WHO, 2017 WL 733096, at *4 (N.D. Cal. Feb. 24, 2017) ("If the court is 'satisfied that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.'" (quoting 9 U.S.C. § 4). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.

### 1. A Valid Arbitration Agreement Exists between EWB and Shanker

A valid arbitration agreement exists between EWB and Sukeert Shanker. As set forth above, when Shanker was hired by EWB, he was required as a condition of his employment to acknowledge receipt of and consent to EWB's Employee Handbook. *See* Arif Decl, ¶ 6, Exh. C. On December 22, 2017, Shanker signed an acknowledgment of EWB's Employee Handbook. *Id*. The last five pages of the Employee Handbook set forth a detailed "Mutual Dispute Resolution Agreement." The Mutual Dispute Resolution Agreement states that "███████████████████████████████" Lawson Decl., Exh. A, preamble.

### 2. The Arbitration Agreement Encompasses the Dispute at Issue

The "Mutual Dispute Resolution Agreement" between EWB and Shanker expressly encompasses each and every claim EWB asserts against defendant Shanker in this action. The Arbitration Agreement specifies the types of claims the parties agreed would be subject to arbitration: "█████████████████████████████████████████████████" Lawson Decl., Exh. A, ¶ 1 ("Covered Claims"). Each of the claims EWB asserts in its Complaint, First Amended Complaint, and Second Amended Complaint are claims expressly covered by the Arbitration Agreement. Those include the First Cause of Action for "Misappropriation of Trade Secrets in Violation of the Defend Trade Secrets Act," the Second Cause of Action for breach of contract, the Third Cause of Action for breach of the implied covenant of good faith and fair dealing, the Fourth Cause of Action for breach of fiduciary duty, and the Fifth Cause of Action for "Violation of California Bus. & Prof. Code § 17200 *et seq.*"

Because a valid arbitration agreement exists between EWB and defendant Shanker, the Court must enforce that agreement and refer this matter to arbitration.

### B. Shanker Is Entitled to An Award of His Attorney's Fees

Because EWB breached the Arbitration Agreement by filing this action in court and has thereafter refused to submit its claims against Shanker to arbitration pursuant to the Arbitration Agreement, Shanker has been forced to bring this motion and is therefore entitled to an award of his attorneys' fees incurred in bringing this motion to enforce the Arbitration Agreement. Paragraph 11 of the Arbitration Agreement provides that:

[REDACTED].

Consistent with the parties' agreement, Shanker respectfully requests that the Court award him his attorneys' fees incurred in connection with this motion.

### C. The Claims against Defendant Shanker Should be Stayed Pending Resolution of the Arbitration

The FAA provides for a mandatory stay in any action in which claims are referred to arbitration. *See* 9 U.S.C. § 3 ("the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."). As set forth in detail above, EWB agreed to arbitrate each and every one of its claims against Shanker. Accordingly, all its claims against Shanker must be stayed pending the outcome of the arbitration.

///
///
///

## IV. CONCLUSION

EWB imposed a detailed arbitration agreement upon Shanker as a condition of his employment. It then breached that agreement by filing this lawsuit instead of commencing arbitration. Under the FAA, this Court is required to enforce the parties' Arbitration Agreement. Moreover, under the Arbitration Agreement, Shanker is entitled to recover $7,400 as his attorneys' fees incurred in bringing this motion. Lawson Decl., ¶ 10.

Dated: August 20, 2021

LAWSON & LAWSON LLP

By: _____/s/ Scott G. Lawson_____
Scott G. Lawson
Attorneys for Defendant
Sukeert Shanker