Ekwan E. Rhow - State Bar No. 174604
  erhow@birdmarella.com
Grace W. Kang - State Bar No. 271260
  gkang@birdmarella.com
Jonathan M. Jackson - State Bar No. 257554
  jjackson@birdmarella.com
Aharon B. Kaslow - State Bar No. 322769
  akaslow@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff East West Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| EAST WEST BANK, a California corporation,<br><br>                Plaintiff,<br><br>        vs.<br><br>SUKEERT SHANKER, an individual; AELDRA FINANCIAL INC., a Delaware corporation; VENKAT GOPALAKRISHNAN, an individual; BLUE RIDGE BANK, N.A., a Virginia corporation; FS VECTOR LLC, a Delaware corporation; and DOES 1-7,<br><br>                Defendants. | CASE NO. 3:20-cv-07364-WHO<br><br>**PLAINTIFF EAST WEST BANK'S OPPOSITION TO DEFENDANTS SUKEERT SHANKER AND AELDRA FINANCIAL INC.'S MOTION TO SHORTEN TIME**<br><br>Assigned to Hon. William H. Orrick |

## I. Introduction

The frenzy of Motions filed by Defendants in the past several days shows a complete disregard for the Court's meet and confer requirements, the Court's prior admonishments to resolve disputes in good faith before seeking Court intervention, and the Local Rules. The relief sought by Defendants in their latest Motion does not even make sense. Defendants' Motion to Shorten Time ("Motion") seeks an immediate Court order to shorten the time for: (i) EWB's response to Defendants' Motion for a Temporary Stay from the current deadline of September 7, 2021 to "four days" after the Court's order; and (ii) Defendants' reply to EWB's response from the current deadline of September 14, 2021 to "four days" after EWB's response. (Dkt. 124.)

Even assuming that the Court granted Defendants' meritless Motion immediately, the time span between the current response deadline (September 7) and Defendants' proposed response deadline is *less than one week*. Defendants have offered no explanation for why a less than one week modification of the briefing schedule for Defendants' Motion for a Temporary Stay is necessary apart from claiming that Defendants' motion would be "moot" otherwise. When asked to identify the harm or prejudice to Defendants as required under Local Rule 6-3, Defendants' counsel merely stated that the issues were "ripe." (Dkt. 124-2, LeGolvan Decl., Ex. A at 3.)

Defendants' Motion for a Temporary Stay makes even less sense. Defendants' Motion for a Temporary Stay seeks a Court order staying the action "until the Court rules on Defendants' motions to compel arbitration … except that Defendants shall continue to comply with the Court's preliminary injunction order … Defendants shall comply with the Court's order compelling discovery …, and the parties shall continue to engage in the ongoing mediation proceedings." (Dkt. 121-3.) The hearing on Defendants' Motions to Compel Arbitration is set for September 29, 2021. Defendants' requested relief would stay the action for *less than two weeks* until the September 29, 2021 hearing date. Further, *Defendants do not actually seek to stay any of the attendant deadlines during the period of the requested temporary stay* and, in fact, have expressly agreed to comply with these deadlines in their Proposed Order. (*Id.*) Thus, even assuming the Court granted Defendants' meritless Motion for a Temporary Stay, the "temporary stay" until the September 29, 2021 hearing would have no impact whatsoever on Defendants.

Defendants' Motion papers do not identify any harm or prejudice to Defendants necessitating their Motion apart from claiming that the "temporary stay" would "conserv[e]" "party resources." (Dkt. 121 at 2; Dkt. 124 at 3.) Yet, Defendants fail to recognize that the filing of a litany of unnecessary motions wastes party resources and, even worse, wastes judicial resources and burdens the Court with frivolous motions. Defendants have shown a lack of respect for judicial economy.

As detailed below, the issue of whether EWB's claims against Defendants are subject to arbitration arose on August 11, 2021. Thereafter, the parties began to meet and confer regarding issues of arbitrability, and EWB agreed to a three-week extension of the deadline for Defendants' responses to the Second Amended Complaint ("SAC") to avoid any harm or prejudice to Defendants, while the parties engaged in a good faith meet and confer process to entirely resolve, or, at a minimum, narrow the issues to be presented to the Court. Despite initially agreeing to an extension of Defendants' response deadline, last Friday, Defendants unexpectedly refused to stipulate to an extension of Defendants' response deadline and ***immediately filed Motions to Compel Arbitration that same day***. On Tuesday, Defendants filed their frivolous Motion for a Temporary Stay and the next day, on Wednesday, Defendants filed their Motion to Shorten Time seeking an immediate Court order. Defendants' Motion not only fails to satisfy the requirements of Local Rule 6-3 but also shows a complete disregard for the Court's time, resources, and previous admonitions. Defendants continue to engage in bad faith and contentious litigation tactics, despite this Court's continuous warnings.

**II.     Defendants Failed To Comply With The Court's Meet And Confer Requirements**

The Local Rules define "meet and confer" as follows:

> 'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

Local Rule 1-5(n).

As detailed in the accompanying Declaration of Grace W. Kang, Defendants have shown a flagrant disregard for the Court's meet and confer requirements. On Monday, August 16, 2021, EWB filed its SAC. (Dkt. 108.) The next day, Tuesday, August 17, 2021, EWB's counsel informed Defendants' counsel that EWB agreed to enter into a stipulation to extend the deadline for Defendants' responses to the SAC to allow the parties to meet and confer in good faith regarding the issues of arbitrability raised in Defendants' August 11, 2021 letter. (Kang Decl., ¶ 2 & Ex. 1.) The next day, Wednesday, August 18, 2021, counsel for EWB and Aeldra held a telephonic meet and confer regarding deficiencies with Aeldra's discovery responses and failure to produce documents. During this call, the parties' counsel also discussed issues of arbitrability and potential terms of a stipulation. EWB's counsel informed Aeldra's counsel that she was not authorized, at the time, to stipulate to arbitration on behalf of EWB but would discuss terms of a potential stipulation with EWB next week and would get back to Defendants' counsel next week with EWB's position. (*Id.,* at ¶ 3.)

On Friday morning, August 20, 2021, EWB's counsel emailed Defendants' counsel a draft Stipulation to extend Defendants' response deadline to the SAC from August 30, 2021 to September 20, 2021 and informed Defendant Shanker's counsel that: "***As we discussed*** [on Wednesday], ***we will be speaking with our client next week***." (*Id.* at ¶ 4 & Ex. 2) (emphasis added.) That same morning, EWB's counsel emailed Defendants' counsel stating: "We circulated a draft stipulation to all defense counsel for review. ***We are speaking with our client next week and will get back to you***." (*Id.,* at ¶ 5 & Ex. 3) (emphasis added.)

On Friday afternoon, at 2:18 p.m., despite previously agreeing to an extension of Defendants' response deadline to allow the parties to meet and confer regarding arbitration, Defendants inexplicably refused to enter into a Stipulation to extend Defendants' response deadline to the SAC. Defendants' counsel wrote: "We do not plan to wait until the end of September (a full 30 days from now) before putting the arbitrability question before the Court…." (*Id.* at ¶ 6 & Ex. 4.) Defendants' counsel further stated: "We are happy to meet and confer on these issues further." (*Id.*) ***Less than one hour later***, at 3:07 p.m., Defendant Shanker filed a Motion to Compel Arbitration and ***less than two hours later***, at 5:53 p.m., Defendant Aeldra filed

a Motion to Compel Arbitration, without any prior notice to EWB's counsel. (*Id.* at ¶ 7; Dkt. 114-117.)

On Monday, August 23, 2021, Defendants' counsel notified EWB's counsel that Defendants intended to file a Motion for a Temporary Stay and Motion to Shorten Time. (Kang Decl., ¶ 8.) ***The next day,*** on Tuesday, August 24, 2021, at 12:34 p.m., Defendants filed their Motion for a Temporary Stay. (*Id.* at ¶ 9; Dkt. 120, 121.) **Ten minutes later,** on Tuesday at 12:49 p.m., Defendants' counsel notified EWB's counsel that Defendants intended to file a Motion to Shorten Time "*this afternoon*." (Kang Decl., ¶ 10.) On Tuesday at 2:08 p.m., EWB's counsel notified Defendants' counsel that it was premature for Defendants to be filing a Motion for a Temporary Stay and a Motion to Shorten Time and explained that: "We have already represented to Defendants that we are conferring with our client this week regarding the issues of arbitrability that Defendants have raised and would get back to Defendants. We are not authorized to enter into any stipulations and cannot do so until we have conferred with our client." (*Id.* at ¶ 11.)

On Tuesday afternoon, EWB's counsel requested that Defendants' counsel identify any harm or prejudice to Defendants justifying Defendants' filing of their various Motions in the span of three days. (*Id.* at ¶ 13.) Defendants' counsel responded that Defendants' Motions presented "ripe" issues and notified EWB's counsel that Defendant would be filing their Motion to Shorten Time *the next day.* (*Id.* at ¶ 12.) **The next day**, on Wednesday, August 25, 2021, Defendants filed this Motion. (Dkt. 124.) To date, Defendants have not identified any harm or prejudice to Defendants necessitating the filing of Defendants' Motions to Compel Arbitration, Motion for a Temporary Stay, and Motion to Shorten Time within the span of three days and have failed to provide an explanation for why Defendants are unwilling to wait two days to allow EWB's counsel to confer with EWB to potentially resolve all, or some of the issues, presented in Defendants' Motions filed with the Court. (Kang Decl., ¶ 15.)

Despite having full knowledge that EWB's counsel was not authorized to stipulate to arbitration but would provide EWB's position by the end of this week, Defendants proceeded to file Motions to Compel Arbitration on Friday, a Motion for a Temporary Stay on Tuesday, and a Motion to Shorten Time on Wednesday (seeking an immediate Court order).

### III. Defendants Have Failed To Satisfy The Requirements of Local Rule 6-3

Local Rule 6-3 requires Defendants to, *inter alia*, (1) set forth "with particularity, the reasons for the requested enlargement or shortening of time," (2) identify "the substantial harm or prejudice that would occur if the Court did not change time;" and (3) describe "the effect the requested time modification would have on the schedule for the case." L.R. 6-3.

*First*, Defendants fail to set forth "with particularity" a valid reason for the Motion and assert only that the current briefing schedule would "moot" their Motion for a Temporary Stay. (Dkt. 124. at 1.) The time span between the current response deadline (September 7) and Defendants' proposed shortened response deadline ("four days" after the Court's order) is ***less than one week***. Defendants have failed to show why shortening the current response deadline by less than one week is necessary to justify a motion under Local Rule 6-3. Thus, Defendants' request is not based on any "impending time-critical event" and no shortening of time is warranted. *See O'Connor v. Uber Techs.*, 2013 WL 5232500, at *2 (N.D. Cal. Sept. 17, 2013) (Denying motion to shorten time because "Plaintiffs have not specifically identified an impending time-critical event that would warrant shortening time.").

*Second*, Defendants fail to identify any "substantial harm or prejudice" absent court relief under Local Rule 6-3. Defendants' generalized assertion that their Motion for a Temporary Stay will "conserv[e][] party resources," (Dkt. 121 at 2; Dkt. 124 at 3), does not amount to substantial harm or prejudice. *See Lucas v. Hertz Corp.*, 2012 WL 3638568, at *5 (N.D. Cal. Aug. 22, 2012) (denying motion to shorten time and finding argument that "'these motions will' expend time and money to "to prosecute and defend" "is not helpful."). Moreover, as explained above, Defendants do not actually seek to stay any of the deadlines during the two week period of the requested temporary stay. (Dkt. 121-3.) Thus, Defendants have failed to show any substantial harm or prejudice.

For the foregoing reasons, EWB respectfully requests that Defendants' Motion to Shorten Time be denied in its entirety.

| | |
|---|---|
| DATED: August 26, 2021 | Ekwan E. Rhow<br>Grace W. Kang<br>Jonathan M. Jackson<br>Aharon B. Kaslow<br>Bird, Marella, Boxer, Wolpert, Nessim,<br>Drooks, Lincenberg & Rhow, P.C. |
| | By:  */s/ Grace W. Kang*<br>Grace W. Kang<br>Attorneys for Plaintiff East West Bank |