UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EAST WEST BANK,

    Plaintiff,

    v.

SUKEERT SHANKER, et al.,

    Defendants.

Case No. 20-cv-07364-WHO

**ORDER GRANTING MOTION FOR TEMPORARY STAY PENDING RESOLUTION OF ARBITRABILITY OF CLAIMS**

Re: Dkt. No. 120, 121

Defendants Sukeert Shanker and Aeldra Financial, Inc. (collectively, "Defendants") have filed a motion for a temporary stay of the case pending the resolution of the arbitrability of the claims. Dkt. No. 121. Plaintiff East West Bank ("EWB") does not oppose. Dkt. No. 138. Defendants' motion is therefore GRANTED. This action is stayed until I rule on Defendants' motions to compel arbitration, Dkt. Nos. 114-4, 116-4, except that Defendants shall continue to comply with the preliminary injunction order, Dkt. No. 101, and the order compelling discovery, Dkt. No. 106. The parties shall also continue to engage in ongoing mediation proceedings. Within 14 days following the ruling on Defendants' motions to compel arbitration, the parties will meet and confer and, if necessary, provide a joint statement addressing the need for the setting of any case deadlines previously set in Dkt. No. 82 and providing the parties' proposed deadlines for same.

Defendants have also filed an administrative motion to seal the motion for a temporary stay. Dkt. No. 120. A party seeking to seal court records must overcome a strong presumption in favor of the public's right to access those records. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). In this case, a "good cause" standard applies because Defendants' motion

for a temporary stay is a nondispositive motion.  *Ctr. for Auto Safety*, 809 F.3d at 1097.  "There may be 'good cause' to seal records that are privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing."  *See Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-2549-WHA, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013).

EWB seeks to seal commercially sensitive information concerning its employment policies, such as language from its proprietary employee handbook regarding its employee dispute resolution process.  Dkt. No. 139 ¶ 4.  Specifically, EWB seeks to seal information related to its arbitration agreement with employees.  Dkt. No. 120-4.  EWB claims that if the information is disclosed it will enable competitors to know the terms by which EWB and its employees are bound.  Dkt. No. 139 ¶ 4.  But the information does not contain trade secrets or confidential information.  Instead, it relates to common aspects of arbitration agreements, such as whether discovery is allowed or whether the arbitrator can consider dispositive motions.  It is unclear how such information will harm EWB's competitive standing if disclosed.  EWB does not cite any authority supporting its request to seal this kind of information.  Accordingly, the administrative motion to seal the motion for a temporary stay is DENIED.  The clerk shall UNSEAL Dkt. No. 120-4.

**IT IS SO ORDERED.**

Dated:  August 31, 2021



William H. Orrick
United States District Judge

2