1  Ekwan E. Rhow - State Bar No. 174604
       erhow@birdmarella.com
2  Paul S. Chan - State Bar No. 183406
       pchan@birdmarella.com
3  Grace W. Kang - State Bar No. 271260
       gkang@birdmarella.com
4  Jonathan M. Jackson - State Bar No. 257554
       jjackson@birdmarella.com
5  Aharon B. Kaslow - State Bar No. 322769
       akaslow@birdmarella.com
6  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
7  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
8  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110

Attorneys for Plaintiff East West Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| EAST WEST BANK, a California corporation,<br><br>          Plaintiff,<br><br>    vs.<br><br>SUKEERT SHANKER, an individual; AELDRA FINANCIAL INC., a Delaware corporation; VENKAT GOPALAKRISHNAN, an individual; BLUE RIDGE BANK, N.A., a Virginia corporation; FS VECTOR LLC, a Delaware corporation; and DOES 1-7,<br><br>          Defendants. | CASE NO. 3:20-cv-07364-WHO<br><br>**PLAINTIFF EAST WEST BANK'S OPPOSITION TO DEFENDANTS SUKEERT SHANKER AND AELDRA FINANCIAL INC.'S MOTIONS TO COMPEL ARBITRATION**<br><br>Date:    September 29, 2021<br>Time:    2:00 p.m.<br>Court:   Courtroom 2, 17th Floor<br><br>Assigned to Hon. William H. Orrick |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ...........................................................2

III. ARGUMENT ..........................................................................................................................5

    A. The Parties Already Have Agreed to Arbitrate This Dispute....................................5

    B. The Court Must Retain Jurisdiction Over Its Preliminary Injunction Order..............7

    C. Shanker's Request for Attorneys' Fees Should Be Denied.....................................10

IV. CONCLUSION .....................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Clouser v. Ion Beam Applications, Inc.*,
   No. C-03-5539 MHP, 2004 WL 540514 (N.D. Cal. Mar. 18, 2004) ........................................ 8

*Gonsalves v. Infosys Techs., Ltd.*,
   No. C 3:09-04112, 2010 WL 3118861 (N.D. Cal. Aug. 5, 2010) ............................................ 3

*Ingle v. Circuit City Stores, Inc.*,
   328 F.3d 1165 (9th Cir. 2003) .................................................................................................. 5

*Klauder & Nunno Enterprises, Inc. v. Hereford Assocs., Inc.*,
   723 F. Supp. 336 (E.D. Pa. 1989) .......................................................................................... 10

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*,
   363 F.3d 1010 (9th Cir. 2004) ............................................................................................. 5, 7

*Madrid v. Lazer Spot, Inc.*,
   No. 1:19-CV-0669 JLT, 2020 WL 4274218 (E.D. Cal. July 24, 2020) ............................. 4, 10

*McCarthy v. Providential Corp.*,
   No. C 94-0627 FMS, 1994 WL 387852 (N.D. Cal. July 19, 1994) ......................................... 7

*Napa Valley Publ'g Co. v. City of Calistoga*,
   225 F. Supp. 2d 1176 (N.D. Cal. 2002) ................................................................................... 9

*Performance Unlimited, Inc. v. Questar Publishers, Inc.*,
   52 F.3d 1373 (6th Cir. 1995) .................................................................................................. 8

*PMS Distrib. Co. v. Huber & Suhner, A.G.*,
   863 F.2d 639 (9th Cir. 1988) ........................................................................................ 7, 8, 10

*Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*,
   970 F.2d 552 (9th Cir. 1992) ................................................................................................... 9

*Scott-Ortiz v. CBRE Inc.*,
   501 F. Supp. 3d 717 (D. Ariz. 2020) ..................................................................................... 10

*Suntay v. BAC Home Loans Servicing, LP*,
   2011 WL 13244207 (N.D. Cal. Feb. 15, 2011) ....................................................................... 9

*Toyo Tire Holdings Of Ams. Inc. v. Cont'l Tire N. Am., Inc.*,
   609 F.3d 975 (9th Cir. 2010) ........................................................................................... 7, 8, 9

*S.E.C. v. Westmoore Mgmt. LLC*,
   2010 WL 3835554 (C.D. Cal. Sept. 27, 2010) ........................................................................ 9

*Yahoo! Inc. v. Iversen*,
    836 F. Supp. 2d 1007 (N.D. Cal. 2011) ................................................................................... 7

**State Cases**

*Ajamian v. CantorCO2e, L.P.*,
    203 Cal.App.4th 771 (2012) ..................................................................................................... 6

*Mitri v. Arnel Mgmt. Co.*,
    157 Cal. App. 4th 1164 (2007) ................................................................................................. 6

*Romo v. Y-3 Holdings, Inc.*,
    87 Cal.App.4th 1153 (2001) ..................................................................................................... 6

*Rosenberg v. Leslie*,
    No. G054886, 2018 WL 4908079 (Cal. Ct. App. Oct. 10, 2018) ............................................. 3

*Sparks v. Vista Del Mar Child & Fam. Servs.*,
    207 Cal. App. 4th 1511 (2012) .............................................................................................. 2, 6

*Woolley v. Embassy Suites, Inc.*,
    227 Cal. App. 3d 1520 (1991) .................................................................................................. 9

**Federal Statutes**

18 U.S.C. § 1836, *et seq.* (2) ............................................................................................................ 2

Federal Arbitration Act 9 U.S.C. § 1, *et seq.* ...................................................................... 1, 3, 7, 10

**State Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* .......................................................................................... 2

California Arbitration Act § 1280, *et seq.* ....................................................................................... 3

**Other Authorities**

AAA Employment Arbitration Rules and Mediation Procedures, Rule 32 ..................................... 9

**I.      INTRODUCTION**

Just two weeks after first raising the issue, and in the midst of the parties' ongoing meet and confer efforts, Defendants Sukeert Shanker ("Shanker") and Aeldra Financial Inc. ("Aeldra") each filed a separate motion to compel arbitration and/or stay the proceedings. These motions were both premature and unnecessary. Shortly after the motions were filed, EWB *agreed* to arbitrate its claims against both Defendants, and sent them a proposed stipulation to that effect. Defendants declined EWB's stipulation, thereby necessitating this response and partial opposition to their motions.

Defendants' refusal to agree to EWB's proposed stipulation to arbitration appears to be based, in part, on their desire to pursue arbitration under a provision in EWB's Employee Handbook, as opposed to the Binding Arbitration Agreement and Waiver of Jury Trial ("Arbitration Agreement") signed by Shanker on December 22, 2017. But the arbitration provision in the Employee Handbook is not an enforceable arbitration agreement under the Federal Arbitration Act and California law because it was never acknowledged by Shanker. Indeed, prior to filing these motions, Defendants themselves took the position that the terms in the Employee Handbook were not enforceable. (Dkt. 64, at 16-17.) That is why EWB's proposed stipulation provides for arbitration under the terms of the Arbitration Agreement—it is the only valid and enforceable arbitration agreement between the parties.[1]

The only remaining issue in dispute appears to be whether the order compelling arbitration should acknowledge that the Court will continue to retain jurisdiction over enforcement of its order granting EWB's motion for preliminary injunction (Dkt. 101 ("Preliminary Injunction Order")). Defendants seek to divest the Court of such authority. But the law is clear that pending arbitration, a district court *retains* jurisdiction both to issue and to enforce a preliminary injunction. EWB's Proposed Order simply makes explicit that which the law already provides, *i.e.*, that the Court retains jurisdiction over the enforcement of the Preliminary Injunction Order

---

[1] In any event, the arbitration terms in the agreements are materially the same; both provide for arbitration before the American Arbitration Association ("AAA"), with a single arbitrator, and under the AAA's National Rules for the Resolution of Employment Disputes.

pending completion of the parties' arbitration. Indeed, the Arbitration Agreement does not vest the arbitrator with any sort of authority over injunctive relief.

Finally, Shanker's request for attorneys' fees and costs in connection with the unnecessary filing and pursuit of his motion to compel arbitration should be denied. It is especially disingenuous as it is Shanker who waited to seek arbitration only after litigating for ten months and after this Court issued its Preliminary Injunction Order. Prior to filing the motions, Defendants' own conduct fully reflected that they intended to waive any potential right to arbitration; notwithstanding this waiver, once Defendants raised the issue, EWB promptly replied that it was willing to arbitrate. There is no justification for any fee award.

Accordingly, EWB respectfully requests that this Court enter an order compelling arbitration under the terms set forth in EWB's Proposed Order submitted concurrently herewith, and deny Defendants' motions to compel arbitration to the extent they are inconsistent therewith.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

EWB filed this action on October 20, 2020, alleging (among other things) that Shanker, the former COO of its digital banking division, misappropriated EWB's confidential, proprietary, and trade secret information related to its "Velo by East West Bank" digital banking platform. At that time, EWB did not believe the dispute was subject to arbitration or that it was required to proceed in arbitration against its former employee. EWB's Employee Handbook acknowledgment form did not explicitly reference arbitration, rendering the Employee Handbook's arbitration provisions unenforceable under California law. *See., e.g., Sparks v. Vista Del Mar Child & Fam. Servs.,* 207 Cal. App. 4th 1511, 1519 (2012) (invalidating arbitration provision in employee handbook "because defendant failed to point out or call attention to the arbitration requirement in the acknowledgment"); *see also* Declaration of Jill Teitelbaum, dated September 2, 2021 ("Teitelbaum Decl."), ¶¶ 4-5 & Ex. B.). Nor did EWB believe that the scope of the Arbitration Agreement covered the claims at issue, given that the complaint asserted claims for (1) misappropriation of trade secrets in violation of 18 U.S.C. § 1836, *et seq.*, (2) breaches of a settlement agreement and confidentiality agreements, and (3) violation of California's unfair competition law (Cal. Bus. & Prof. Code § 17200, *et seq*), all of which appeared to be beyond the

scope of claims addressed by the Arbitration Agreement.[2]

Defendants' response to the Amended Complaint and subsequent conduct in this action reflected that Defendants too believed that the claims fell outside of any arbitration agreement, and/or that Defendants intended to waive any potential contractual right to arbitrate.[3]  Among other things:

- Although EWB's May 7, 2021 document production included both the Employee Handbook and the Arbitration Agreement, signed by Shanker on December 22, 2017 (Kang Decl., ¶ 5; *see also* Teitelbaum Decl., Exs. A, B.), Shanker ***filed an Answer*** to EWB's first amended complaint on May 27, 2021, ***without*** moving to compel arbitration or raising arbitration as a defense, (Dkt. 54);

- After EWB filed a motion for preliminary injunction, on June 9, 2021 (Dkt. 51), Shanker and Aeldra filed a 25-page opposition, arguing the Employee Handbook on which they now seek to compel arbitration was not a binding agreement, citing cases holding arbitration provisions in Employee Handbooks are unenforceable:

    > "The confidentiality 'agreements' EWB refers to are mere acknowledgements of EWB's policies; they are not binding agreements. *Mitri v. Arnel Mgmt. Co.*, 157 Cal. App. 4th 1164, 1173 (2007) (acknowledgement of employee handbook containing arbitration agreement did not constitute agreement to arbitrate because 'conspicuously absent from the acknowledgement form is any reference to an *agreement* by the employee to abide by the employee handbook') (emphasis in original); *Esparza v. Sand & Sea, Inc.*, 2 Cal. App. 5th 781, 790 (2016) (same)." (Dkt. 64, at 16-17.)[4]

- On June 18, 2021, Shanker filed (with EWB) a joint statement regarding the sufficiency of Shanker's discovery responses and representing to the Court that he fully intended to address EWB's discovery concerns—not that the dispute is subject to arbitration (Dkt. 73);

---

[2]   Current counsel for EWB substituted in as EWB's counsel on March 4, 2021.  (Dkt. 29.) EWB filed a motion for leave to amend the complaint to add Aeldra as a defendant on April 2, 2021, which was granted on May 11, 2021.  (Dkt. 34, 43.)

[3]   *See Gonsalves v. Infosys Techs., Ltd.*, No. C 3:09-04112, 2010 WL 3118861, at *2 (N.D. Cal. Aug. 5, 2010) ("Under California law, . . . a party can, however, waive its otherwise enforceable right to arbitrate a dispute."); *see also Rosenberg v. Leslie*, No. G054886, 2018 WL 4908079, at *2 (Cal. Ct. App. Oct. 10, 2018) ("Under the Federal Arbitration Act 9 U.S.C. § 1 et seq. and the California Arbitration Act § 1280 et seq. courts apply the same standards in determining waiver claims.") (internal citations and quotation marks omitted).

[4]   In addition to arguing the Employee Handbook was unenforceable, Shanker's declaration in support of Defendants' opposition attached one of the other documents included in EWB's May 7 production, which included both the Employee Handbook and the Arbitration Agreement.  (*See* Dkt. 64-21.)

- On June 29, 2021, Shanker filed an objection to EWB's reply in support of its motion for preliminary injunction without objecting on the basis that this dispute should be arbitrated, (Dkt. 77);

- On June 29, 2021, Shanker jointly filed a stipulation modifying the scheduling order, (Dkt. 79); and

- On July 14, 2021, Shanker filed an opposition to EWB's motion for leave to file a second amended complaint, again without raising arbitration, (Dkt. 88.).

On July 22, 2021, the Court granted EWB's motion for preliminary injunction. (Dkt. 101.) Two weeks later, on August 11, 2021, Shanker raised the issue of arbitration for the first time, belatedly claiming the dispute should be arbitrated pursuant to the Employee Handbook, which—contrary to his prior arguments—Shanker now argues is enforceable. (*See* Kang Decl. ¶ 10; Dkt. 115 at 3.)

On August 13, 2021, counsel for EWB responded that they needed to confer with their client to determine EWB's position on the issue, and on August 17, 2021, EWB's counsel agreed to extend the deadline for defendants' response to EWB's second amended complaint to give the parties time to meet and confer in good faith regarding the arbitrability of this dispute. (*See* Kang Decl. ¶ 12; Dkt. 129 at 3.) During a discovery meet and confer call the next day, EWB's counsel told Defendants' counsel that they would be discussing the terms of a potential stipulation with EWB the following week and would inform Defendants' counsel of EWB's position at that time. (*Id.*)

On Friday, August 20, 2021, EWB's counsel sent Defendants a draft stipulation to extend the response deadline to EWB's second amended complaint and reiterated that they would be conferring with EWB next week regarding a potential stipulation to arbitration. (*See* Dkt. 115 at 3.) That same day, Defendants Aeldra and Shanker filed their motions to compel arbitration (Dkt. 114-117).

Notwithstanding the above, and setting aside Defendants' waiver of any right to arbitrate,[5] on August 26, 2021, EWB notified Defendants that it would *agree* to arbitration, and sent Defendants' counsel a proposed stipulation submitting the dispute to arbitration pursuant to the terms of the Arbitration Agreement, which EWB explained was the only operative arbitration agreement between the parties. (Kang Decl., Ex. 2.) To date, Defendants have refused EWB's proposed stipulation, necessitating this response to their motions to compel.

## III. ARGUMENT

In ruling on a motion to compel arbitration, the district court "determin[es] whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration agreement, federal courts should apply ordinary state-law principles that govern the formation of contracts." *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citation omitted).

Here, EWB has already agreed to arbitrate this dispute pursuant to the Arbitration Agreement, which is the only valid and enforceable agreement between the parties on the issue. (Teitelbaum Decl., ¶ 3.) EWB therefore does not object to an order compelling arbitration pursuant to the terms of the Arbitration Agreement. Contrary to Defendants' assertion, the Court retains jurisdiction over its previously-issued Preliminary Injunction Order because, as a matter of law, a district court *retains* jurisdiction both to issue and to enforce a preliminary injunction pending arbitration.

### A. The Parties Already Have Agreed to Arbitrate This Dispute.

As discussed above, EWB already has agreed to arbitrate this dispute, and proposed a

---

[5] Defendants' prior litigation conduct had effectively waived any right to arbitration. *See Madrid v. Lazer Spot, Inc.*, No. 1:19-CV-0669 JLT, 2020 WL 4274218, at *8 (E.D. Cal. July 24, 2020) (Denying motion to compel arbitration and explaining that "Plaintiff's activities through the ten months between the filing of the complaint and seeking arbitration included: engaging in discovery, sending informal communications to the Court, participating in conferences with the Court, and filing motions for terminating sanctions. . . . Thus, Plaintiff's delay in seeking arbitration while litigating the case before the district court . . . support[s] a finding that he has acted in a manner inconsistent with the right to arbitration.").

1  stipulation to arbitrate all of its claims against Defendants pursuant to the Arbitration Agreement,
2  because it is the only enforceable arbitration agreement between the parties.  The Arbitration
3  Agreement expressly states:  "The parties agree that this Agreement may be interpreted or
4  modified to the extent necessary for it to be enforceable *and to give effect to the parties'*
5  *expressed intent to create a valid and binding arbitration procedure* to resolve all disputes not
6  expressly included."  (Teitelbaum Decl., Ex. A, at 2 (emphasis added).)  Because Shanker signed
7  the Arbitration Agreement on December 22, 2017, he is required to arbitrate this dispute in
8  accordance with the terms of the Arbitration Agreement.  (*See id.*)

9  While Defendants insist that arbitration should be conducted pursuant to the arbitration
10 provision in the Employee Handbook, that provision is unenforceable under California law.  It is
11 well-settled that an Employee Handbook cannot form the basis of an arbitration agreement where,
12 as here, the handbook is lengthy and distributed to all employees, and the employee's
13 acknowledgement does *not* specifically reference arbitration.  S*ee, e.g., Sparks* 207 Cal. App. 4th
14 at 1519 (2012) (invalidating arbitration provision in Employee Handbook "because defendant
15 failed to point out or call attention to the arbitration requirement in the acknowledgment"); *Mitri v.*
16 *Arnel Management Co.*, 157 Cal.App.4th 1164, 1173 (2007) (holding "[*w*]*e cannot and will not*
17 create a term of a contract between the parties that the evidence does not show was ever agreed
18 upon by the parties," where acknowledgement "lacked any reference to an *agreement* by the
19 employee to abide by the employee handbook's arbitration agreement provision") (emphasis
20 added); *Romo v. Y-3 Holdings, Inc.*, 87 Cal.App.4th 1153, 1159-60 (2001) (holding employee did
21 not agree to binding arbitration because employee did not sign section regarding arbitration in
22 employee handbook); *Ajamian v. CantorCO2e, L.P.*, 203 Cal.App.4th 771, 805 (2012) ("[W]hile
23 Ajamian did have the Handbook containing the company's policy of arbitrating disputes, she
24 never signed or agreed to the actual arbitration agreement in the Handbook . . . .").  For these
25 reasons, EWB uses separately signed arbitration agreements with its employees and has never
26 sought to compel arbitration against any of its current or former employees based on EWB's
27 Employee Handbook.  (Teitelbaum Decl., ¶ 5.)  Indeed, Defendants themselves have argued that
28 the Employee Handbook is not a valid, enforceable agreement.  (Dkt. 64, at 16-17.)  Notably,

Defendants did *not* include the acknowledgment of Employee Handbook with their motions.  (*See* Dkt. 115–115-7; 117–117-9.)

Because of these limitations, EWB provided Shanker with a separate agreement, the Arbitration Agreement, which is only three pages long, and was signed by Shanker on December 22, 2017.  The Arbitration Agreement is a valid, binding agreement, and Defendants have not argued otherwise.  (*See* Teitelbaum Decl., ¶¶ 4-5.)  Thus, the parties must arbitrate this dispute pursuant to the Arbitration Agreement.  *See Lifescan, Inc.*, 363 F.3d at 1012.[6]

Defendants maintain that EWB is precluded from asserting that the arbitration provisions in EWB's Employee Handbook do not constitute an enforceable arbitration agreement, because EWB has alleged that Shanker breached the Employee Handbook in connection with EWB's breach of contract claim against Shanker.  Defendants' argument is misguided.  It is well-settled that arbitration provisions in a contract are governed by a separate and distinct body of federal arbitration law under the FAA.  *See Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1009 (N.D. Cal. 2011) ("The FAA applies to any contract affecting interstate commerce, including employment agreements."); *McCarthy v. Providential Corp.*, No. C 94-0627 FMS, 1994 WL 387852, at *5 (N.D. Cal. July 19, 1994) ("*Prima Paint* requires that courts treat arbitration clauses as severable from the documents in which they are embedded, unless there is clear intent to the contrary.") (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395 (1967)).

**B.     The Court Must Retain Jurisdiction Over Its Preliminary Injunction Order.**

As a matter of law, this Court retains jurisdiction to enforce the terms of its own, previously-entered Preliminary Injunction Order pending arbitration.  As such, and contrary to Defendants' suggestion, it is entirely appropriate to acknowledge the Court's continuing jurisdiction in the order referring this matter to arbitration.

It is well-settled that a district court retains jurisdiction both to issue and to enforce a preliminary injunction pending arbitration.  *See Toyo Tire Holdings Of Ams. Inc. v. Cont'l Tire N.*

---

[6]   In any event, the agreements are materially the same; both provide for arbitration before the American Arbitration Association ("AAA"), with a single arbitrator, under the AAA's National Rules for the Resolution of Employment Disputes.

*Am., Inc.*, 609 F.3d 975, 981-82 (9th Cir. 2010) ("district courts have subject matter jurisdiction under the Federal Arbitration Act ('FAA') to grant preliminary injunctive relief pending arbitration") (citing *Performance Unlimited, Inc. v. Questar Publishers, Inc.,* 52 F.3d 1373, 1377–80 (6th Cir.1995)); *see also PMS Distrib. Co. v. Huber & Suhner, A.G.*, 863 F.2d 639, 642 (9th Cir. 1988) ("Section 4 of the United States Arbitration Act grants District Courts the power to actually order the parties to arbitration, but this provision has not been interpreted to deprive the courts of continuing jurisdiction over the action.") (quoting *Carolina Power & Light Company v. Uranex,* 451 F.Supp. 1044, 1052 (N.D. Cal. 1977)).

Regardless of which arbitration agreement applies, Ninth Circuit law is clear that "a district court can grant injunctive relief in an arbitrable dispute pending arbitration, provided the prerequisites for injunctive relief are satisfied." *PMS Distrib. Co.*, 863 F.2d at 641–42 (quoting *Teradyne, Inc. v. Mostek Corp.,* 797 F.2d 43, 51 (1st Cir. 1986)). Indeed, a "federal district court has power to issue [an] injunction pending arbitration, ***even absent express contractual language so providing***[.]" *Toyo Tire Holdings Of Ams. Inc.*, 609 F.3d at 981 (citing *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049, 1052–54 (2d Cir.1990)) (emphasis added). This holds true even where the parties agree that arbitration is the "sole and exclusive means to remedy disputes." *See Performance Unlimited, Inc.*, 52 F3d at 1375, 1380.

The Arbitration Agreement at issue here expressly authorizes the Court to enter injunctive relief, providing that "[n]either party is prohibited from making an application for injunctive relief to a court of relevant jurisdiction." (Teitelbaum Decl. Ex. A at EWB0001881.) *See Clouser v. Ion Beam Applications, Inc.*, No. C-03-5539 MHP, 2004 WL 540514, at *4 (N.D. Cal. Mar. 18, 2004) (holding arbitration provision permitting parties to seek interim injunctive relief in court, and Ninth Circuit law as set forth in *PMS Distributing Co.*, provide "alternative ground[s]" for the court to issue a preliminary injunction). The Employee Handbook on which Defendants erroneously rely likewise ***expressly authorizes the parties to seek provisional injunctive relief in court*** where they otherwise would be at risk of irreparable harm:

> Notwithstanding any other provision of this Agreement, either party may request provisional relief from a court of competent jurisdiction without waiving the right to arbitration, to the extent provided by

> applicable federal or state law, upon the ground that the award to which the party may be entitled may be rendered ineffectual without provisional relief.

(Dkt. 115-3 at EWB0001723-24.)[7]

EWB successfully moved for a preliminary injunction on the basis that, *inter alia*, it would suffer irreparable harm—which, by definition, would render ineffectual any later award to which EWB may be entitled—absent immediate provisional relief. (*See* Dkt. No. 101, at 21 (holding "there is likelihood of irreparable harm in this case because absent a preliminary injunction, EWB will likely suffer loss of market position, loss of current and prospective customers, and increased risk of further disclosure of EWB's Confidential Information to third parties").) California courts analyzing similar statutory language have held that "the possibility that an arbitration award might be rendered ineffectual is a **threshold or minimum requirement** for obtaining a preliminary injunction," and thus sets a lower bar than the common law requirements for injunctive relief. *Woolley v. Embassy Suites, Inc.,* 227 Cal. App. 3d 1520, 1529 (1991) (emphasis added); *see id*. at 1536 (reversing preliminary injunction despite trial court's finding that an arbitration award might be "rendered ineffectual without injunctive relief," because movant failed to establish that it had no adequate remedy at law). So by definition, the standard for entry of injunctive relief during the pendency of an arbitration has already been satisfied in this case.

Finally, the AAA Employment Rules incorporated into the Arbitration Agreement (and the Employee Handbook's arbitration provision) expressly provide that "[a] request for interim measures addressed by a party to a judicial authority shall not be deemed incompatible with the

---

[7] It is well-settled that a preliminary injunction constitutes a provisional remedy; thus, the use of the term "provisional relief" in EWB's Employee Handbooks (as opposed to "injunctive relief" in the Arbitration Agreement) is of no consequence. *See, e.g., Suntay v. BAC Home Loans Servicing, LP*, 2011 WL 13244207, at *1 (N.D. Cal. Feb. 15, 2011) ("A preliminary injunction is a provisional remedy . . . to prevent irreparable loss of rights prior to final disposition of the litigation."); *Napa Valley Publ'g Co. v. City of Calistoga*, 225 F. Supp. 2d 1176, 1180 (N.D. Cal. 2002) (same); *S.E.C. v. Westmoore Mgmt. LLC*, 2010 WL 3835554, at *1 (C.D. Cal. Sept. 27, 2010) ("A preliminary injunction is a provisional remedy issued [to] . . . prevent irreparable loss of rights before judgment."); *see also Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("the injunction is authorized by the district court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief.").

agreement to arbitrate[.]"  AAA Employment Arbitration Rules and Mediation Procedures, Rule 32, available at https://www.adr.org/sites/default/files/EmploymentRules_Web_2.pdf; *see also Toyo Tire Holdings Of Ams. Inc.*, 609 F.3d at 980–81 (holding party could seek preliminary injunction in court where "the very rules that the parties agreed would govern their arbitration proceedings allow a party to request the relief that Appellant Toyo seeks in this case.").

Thus, Defendants' attempt to divest the Court of jurisdiction over its own Preliminary Injunction Order is improper.[8]  EWB's proposed order should be entered because it simply makes explicit that which the law already provides, *i.e.*, that this Court retains jurisdiction over the enforcement of its Preliminary Injunction Order pending the parties' arbitration.  *See Toyo Tire Holdings Of Ams. Inc.*, 609 F.3d at 981–82; *PMS Distrib. Co.*, 863 F.2d at 642.

**C.     Shanker's Request for Attorneys' Fees Should Be Denied.**

In his Motion, Shanker requests an award of $7,400 in attorneys' fees.  This request should be denied.  As noted above, by his own conduct in this litigation, Shanker waived his right to arbitrate by fully participating in the litigation for months, without ever objecting to EWB's Complaint, First Amended Complaint or Second Amended Complaint—or the proceedings generally—on the basis of any arbitration agreement.[9]  Shanker then filed his motion prematurely,

---

[8]     Defendants' suggestion that the Court should somehow divest itself of ongoing jurisdiction is contrary to the terms of the FAA, as Defendants themselves acknowledged in moving to ***stay*** proceedings under Section 3.  *See, e.g., Scott-Ortiz v. CBRE Inc.,* 501 F. Supp. 3d 717, 730 (D. Ariz. 2020) ("Section 3 of the FAA doesn't purport to strip courts of subject-matter jurisdiction over actions that are subject to arbitration—to the contrary, it commands courts to 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.'") (citing *Tillman v. Tillman*, 825 F.3d 1069, 1075 (9th Cir. 2016)); *Klauder & Nunno Enterprises, Inc. v. Hereford Assocs., Inc.*, 723 F. Supp. 336, 340–41 (E.D. Pa. 1989) ("The defendants have also argued that the pending arbitration action removes this court's jurisdiction . . . They are mistaken.  The Federal Arbitration Act, 9 U.S.C. §§ 1–9, does require that any court's actions be ***stayed*** pending arbitration, as long as the matter is referred to arbitration upon a written agreement and one party moves for a stay.  The plain language of the statute, buttressed by judicial constructions, makes clear that courts may not ***deny*** jurisdiction on that basis.  Were that so, the courts would lose supervisory powers over arbitration, save by costly separate actions.  ***Consequently, this court must, and shall, retain its jurisdiction***.") (internal citations omitted; final emphasis added).

[9]     *See Madrid*, 2020 WL 4274218, at *8 (denying motion to compel arbitration where plaintiff fully participated in litigation for 10 months).

without completing a good faith meet and confer process, attempted to compel arbitration under the wrong agreement, and subsequently refused to agree to EWB's proposed stipulation to arbitrate this dispute, which would have obviated the need for his motion in the first instance. Under such circumstances, no fee award is warranted.

## IV.     CONCLUSION

Based on the foregoing, Plaintiff EWB respectfully requests that this Court enter EWB's Proposed Order submitted concurrently herewith compelling arbitration under the terms of the Arbitration Agreement and deny Shanker's request for attorneys' fees and costs.

DATED:  September 3, 2021

Ekwan E. Rhow
Paul S. Chan
Grace W. Kang
Jon M. Jackson
Aharon B. Kaslow
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:     */s/ Paul S. Chan*
           Paul S. Chan
   Attorneys for Plaintiff East West Bank